**Don HESSBROOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40672.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Rehearing Denied Jan. 3, 1968.

Evans & Marshall, Claude R. Bailey, San Antonio, for appellant.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the felony offense of giving a worthless check; and the punishment was assessed at five years.

It is urged as a ground for reversal that the record fails to reflect that the appellant had any specific intent to commit the offense charged.

The testimony of Oscar T. Walsh reveals that during his operation of a service station on April 23, 1966, he sold the appellant two automobile tires for $59.02 (including tax), and then the appellant said he was going to give him a check, which Walsh told him he did not want and the appellant showed him a bank book with some deposits entered in it, and his driver's license, saying, "The check is as good as gold; you've got no worry about it" and relying upon appellant's representations he accepted the $59.02 check; that the check was timely deposited and was returned unpaid, marked "Account Closed"; that he had never had any prior transactions with the appellant.

The cashier of the bank on which the check was drawn testified that the appellant opened an account for sixty dollars on February 15, 1966, which the bank closed that day by mailing the appellant a bank money order for sixty dollars; that on February 17, 1966, the appellant came to the bank wanting to know why the bank closed his account and he told him the reasons; that this is the only account he ever had with the

bank; that the bank always gave those opening an account a check book containing about ten checks with the account number on the check pad and some deposit slips.

Testifying in his own behalf, the appellant stated that before he gave Walsh the check on April 23, 1966, he had previously bought parts from him at an auto parts store.

At this time a physician arrived who was a witness. The appellant was excused from the witness stand, and after the physician testified, the appellant was never recalled.

When the physician was asked if, during his examination of the appellant, he inquired into appellant's dealings with the District Attorney's office in the last fifteen years, the judge recessed the trial. After the recess, the appellant indicated his desire to waive a jury and plead guilty. His plea of guilty was made before the court and the jury was discharged.

■ The evidence is sufficient to show that the appellant committed the offense as alleged and supports the conviction.

The appellant relies upon the following grounds for reversal:

"1. That the Court erred in abandoning his discretion as it concerned this case and other cases of the Defendant by announcing to the Defendant that if he plead guilty his time would run concurrently whereas if he persisted in his not guilty plea the Court would have to run the sentences cumulatively.

"2. That the Court erred in misstating to Defendant the law as it applies to cumulatively or concurrent sentences as provided by Article 42.08, Texas Code of Criminal Procedure.

"3. That the Court erred in pronouncing sentence in that the Defendant had a reason to prevent sentence and he was precluded from announcing his good grounds for new trial by the trial Judge, as provided by Article 42.07.

"4. That the Court erred in accepting Defendant's plea of guilty contrary to Article 26.13."

■ From an examination and consideration of the record, it is concluded that it fails to show that the appellant was influenced by or relied upon any announcements or statements made by the trial court to or in the presence of the appellant, which caused him to withdraw his plea of not guilty and enter a plea of guilty.

The record also fails to support appellant's contention that either or all of the four grounds urged in his brief show reversible error. Said record does authorize the conclusion that all the proceedings are regular and in compliance with Arts. 1.13, 1.15, 26.13, 42.07, and 42.08, Vernon's Ann. C.C.P., relating to pleas of guilty before the court in noncapital cases.

The judgment is affirmed.