George ROBERTS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42922.

Court of Criminal Appeals of Texas.

June 10, 1970.

Rehearing Denied July 22, 1970.

———◆———

James R. Warncke, San Antonio, for appellant.

Ted Butler, Dist. Atty., Earl Hill and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is felony theft of an automobile; the punishment, three years.

The record reflects a careful compliance with the requirements of the statutes relating to waiver of trial by jury and trial on a plea of guilty before the court.[1]

Evidence introduced by the state included stipulation and testimony of witnesses and appellant's affidavit that the allegations of the indictment were true.

The one ground of error upon which reversal is sought is:

"The trial court erred in accepting the Appellant's plea of guilty for the reason that the Appellant's plea of guilty was induced by the false representation of the prosecuting attorney that there were no other charges against him other than the case at bar, when in truth there was another felony indictment pending against him at the time."

The record reflects that appellant answered in the negative when the trial judge, after admonishing him of the consequences of his plea and advising him of his constitutional rights, asked appellant if his plea was based upon any promises made to him.

There is no proof in the record that appellant relied upon any statement of the prosecutor in entering his plea of guilty, and no proof to sustain the unsworn representation of appellant's counsel that the prosecutor made such statement.

Appellant's application for probation was denied after presentence investigation revealed that, in addition to another felony charge pending against him, appellant's record of theft commenced when he was only 13 years old and that he had not profited from juvenile probation and paroles granted him.

---

1. Articles 1.13–1.15 and 26.13–26.14 Vernon's Ann.C.C.P.

Aside from the assertion of appellant's counsel when the court denied the application for probation and asked appellant if he had anything to say or any legal reason why the court should not pass sentence, there is no proof in the record to show that any false representation was made.

The judgment is affirmed.