· **Guy MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 770–83.**

Court of Criminal Appeals of Texas, En Banc.

March 6, 1985.

---

**1.** Nor have I found such phrases described in any treatises on Criminal law.

Richard E. Langlois, San Antonio, for appellant.

Bill White, Former Dist. Atty., Hipolito Canales, Jr. and Jerry Rosson, Former Asst. Dist. Attys., Sam D. Millsap, Jr., Dist. Atty., and Alan E. Battaglia, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted upon his plea of guilty of possession of methamphetamine; his sentence was assessed at 15 years confinement.

The court of appeals found that after appellant's written pretrial motion to suppress was overruled, appellant waived his right to trial by jury and entered a plea of guilty. 656 S.W.2d 171. The trial court assessed punishment within that recommended by the prosecutor and personally agreed to by appellant. At the plea hearing, appellant executed a written waiver and consent to stipulation of testimony and stipulations which contained numerous exhibits, including police reports, a laboratory analysis report and the like. Contained in the written stipulation of testimony was the following judicial admission by appellant: "... all the acts and allegations in said indictment ... charging the offense of possession of methamphetamine are true and correct...."

The court of appeals noted that in *Haney v. State,* 588 S.W.2d 913 (Tex.Cr.App.1979),

[hereinafter *"Haney"*] the long standing rule that a judicial confession will alone support conviction on a plea of guilty was applied for the first time by this Court to a conviction obtained under Article 44.02, V.A.C.C.P., as amended, effective August 29, 1977; that amendment provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

Thus, the court below recognized that upon application of the rule in *Haney*, admission of fruits of the contested search was rendered harmless, even if unlawfully obtained; the court therefore declined to review the merits of the appellate contention.

However, the court of appeals also observed that the record of the plea hearing revealed it to be the understanding and agreement of all concerned—appellant, prosecutor, defense counsel and trial judge—that appellant's plea was contingent upon his right to a meaningful appellate review of the search contention preserved by motion to suppress. The court of appeals concluded the plea was therefore shown to have been induced by the agreement that the search could be appealed (when *Haney* in fact would operate to prevent fulfillment of that agreement); accordingly, the plea could not be said to have been voluntary, citing *Mooney (Dean) v. State*, 615 S.W.2d 776 (1981) [hereinafter *"Mooney"*]; see also *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981).

Thus, the court of appeals was constrained to reverse the judgment of conviction and order the cause remanded to give appellant an opportunity to replead.

By petition for discretionary review, the State contends that *Haney* and *Mooney* are in "irreconcilable conflict" and urges us to overrule *Mooney*. We granted review in order to reconsider the underpinnings of both *Mooney* and *Haney* and their respective interrelation with the present version of Article 44.02, supra.

As we explained in *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983), for an appellant such as Dean Mooney to obtain "the plenary review he bargained for" the Court would have to reject that line of authorities which imported a holding in *Stiggers v. State*, 506 S.W.2d 609 (Tex.Cr.App.1974) into the jurisprudence of guilty pleas. The line starts with *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Cr.App.1978). In *Stiggers*, supra, the Court held error in overruling a motion to suppress evidence was neither presented for review nor shown since the record did not reflect "that any evidence obtained as a result of this search was introduced in evidence," 506 S.W.2d at 611. Four years later, noting the holding in *Stiggers*, the *Ferguson* Court panel decided that though the 1977 amendment to Article 44.02, supra, abrogated the rule of *Helms v. State*, 484 S.W.2d 925, 927 [1] (Tex.Cr.App.1972), it did not change the *Stiggers* formulation. Accordingly, the panel applied *Stiggers* to the guilty plea proceeding and concluded:

"This new practice, however, does not change the rule in *Stiggers v. State*, supra, relied on here. If the guilty plea is supported by evidence (see Art. 1.15, supra) independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not

---

**1.** "Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived. .... We perceive no error."

vitiate the conviction. Such is the case here."

*Ferguson,* supra, at 910.

Before amended in 1977, Article 44.02 provided simply that a defendant "has the right to appeal under the rules hereinafter prescribed." See Historical Note to Article 44.02. *Helms v. State,* supra, see note 1, *ante,* was decided in 1972 and was soon followed by, e.g., *Chapman v. State,* 525 S.W.2d 8 (Tex.Cr.App.1975) (claimed denial of speedy trial waived by guilty plea) and *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr. App.1977) (guilty plea waives failure of court to conduct pretrial hearing on motion to suppress). The 1977 amendment to Article 44.02 allowed a defendant whose plea bargain was honored by the court "to prosecute his appeal ... on those matters which have been raised by written motion filed prior to trial." Thus, we have a clear expression of legislative intent that such a defendant has the right of appeal from a conviction based on his plea of guilty or *nolo contendere.*

Indeed, as found in *Ferguson,* supra, permitting an appeal in those circumstances was to encourage guilty pleas "where the only contested issue between the parties is some matter such as the lawfulness of a search, voluntariness of a confession, competency to stand trial, sufficiency of the indictment, or other matters that may be raised by written motion filed prior to trial," *id.,* at 910.

Having thus encouraged pleas of guilty and *nolo contendere* in exchange for the right to appeal contested pretrial issues, the Legislature surely contemplated a meaningful appeal—one that addresses and decides each issue on its merits. The *Helms* rule of waiver barring review was superceded. *Ferguson,* supra, at 910. Without let or hindrance the 1977 amendment to Article 44.02 opened the previously closed way to appellate consideration of issues raised and contested before trial.

■ To be sure, some appellants have "successfully navigated the procedurally hazardous passageway of Article 44.02," *Brown v. State,* 617 S.W.2d 196, 199 (Tex. Cr.App.1981) and *Galitz v. State,* 617 S.W.2d 949, 956 (Tex.Cr.App.1981); but most have failed to steer clear of rocks and shoals, e.g., *Brewster v. State,* 606 S.W.2d 325, 328 (Tex.Cr.App.1980) and *Haney,* supra. The principal hazard is the judicial confession: applying the *Stiggers* formulation when the guilty plea is supported by a written judicial confession or admissions made in open court substantially vitiates the amendment. When made, the confession or admission is a necessary and concomitant part of the whole ritual of the guilty plea trial.[2] Just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint. To this extent, then, *Ferguson* and its progeny including *Haney* are overruled.

■ As for the State's contention that *Mooney* irreconcilably conflicts with *Haney,* we need only point out the true relationship between the cases was that the former was necessitated at least in part by the latter. But, having overruled *Haney,* we no longer need apply the rationale of

---

**2.** While the *Stiggers-Ferguson* formulation has never made preservation of error impossible, it is plain that it has operated as a "formal" obstruction to the "substantive" object of Article 44.02: the encouragement of guilty pleas.

Moreover, in the strictest sense we adhere to observations made in e.g., *Galitz,* supra, at 952, n. 10, but note that at this point it has become clear to us that in the context of Article 44.02, it is the understanding of the parties that, had the State been put to its burden of proof in a trial on the merits, fruits of the search most certainly *would have been* introduced to support the conviction. Conceptualized so, the "bargain" in-

cludes relieving the State of that burden which in turn provides incentive to the prosecutor to suggest a recommendation which is palatable to the accused. This feature of the "consideration" underlying the plea bargain like all others, will facilitate the plea bargaining process and must be encouraged by the courts out of deference to the legislative intent of Article 44.02—if for no other reason.

Thus in both the *Ferguson* and *Haney* contexts, it is appropriate to view the defendant's judicial admission itself, literally, as a fruit of the contested search or seizure.

*Mooney* and *Wooten* in the context of convictions obtained under Article 44.02.

■ We hold appellant has adequately preserved his search and seizure claim for appellate review on its merits. Accordingly, this cause is remanded to the court of appeals for that review.

WHITE, J., not participating.

TEAGUE, Judge, concurring.

In this instance, the majority opinion holds, for purposes of Art. 44.02, V.A.C. C.P., that if the defendant files a written pretrial motion to suppress, after which a hearing is held thereon but the trial judge denies or overrules the motion, and thereafter the defendant enters into a plea bargain agreement, which entitles him to appeal the trial court's ruling on the motion to suppress, and the plea bargain agreement is consummated, if there is an appeal, an appellate court will review the merits of the defendant's contention, that the trial court erred in denying or overruling the pretrial motion to suppress, without resorting to any sort of legal "technicality" in order to avoid addressing the issue whether the trial court erred in denying or overruling the motion to suppress. See and compare *Dees v. State*, 676 S.W.2d 403 (Tex.Cr.App.1984); *Morgan v. State*, 608 S.W.2d 639 (Tex.Cr.App.1980); *Velasquez v. State*, 608 S.W.2d 674 (Tex.Cr.App.1980); and *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979).

With the above qualifying remarks, I join the majority opinion.

However, but in order that there be no mistake or misunderstanding about what the majority opinion is actually holding, it, the majority, should expressly overrule the following cases of this Court: *Strother v. State*, 619 S.W.2d 177 (Tex.Cr.App.1981); *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr. App.1981); *Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.App.1980); *Haney v. State*, 588 S.W.2d 913 (Tex.Cr.App.1979); *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979); *Mitchell v. State*, 586 S.W.2d 491 (Tex.Cr. App.1979); *Salazar v. State*, 582 S.W.2d

469 (Tex.Cr.App.1979); and *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978).

Additionally, but to further eliminate any question about what it is holding, it, the majority, should also expressly overrule language in the following cases which appears to state or hold that which is contrary to what it is holding in this cause: *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr. App.1982); *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981); *Brown v. State*, 617 S.W.2d 196 (Tex.Cr.App.1981).

With the above qualifications, and recommendations, I respectfully, but wholeheartedly, join the majority opinion.

ONION, Presiding Judge, dissenting.

This petition for discretionary review requires us to examine the long smoldering conflict between the cases dealing with the right to appeal the rulings on pre-trial motions under Article 44.02, V.A.C.C.P., where there has been a plea of guilty or nolo contendere before the court and a plea bargain as to punishment approved by the court.

The appeal is from a conviction for possession of methamphetamine. Conviction was on a plea of guilty before the court to the primary offense, and a plea of "true" to a prior felony conviction alleged for the purpose of enhancement of punishment. Punishment was assessed by the court at 15 years' imprisonment in the Department of Corrections.

Appellant's written pre-trial motion to suppress the seized methamphetamine was overruled. Thereafter the State abandoned one of the prior felony conviction allegations, and appellant entered his plea of guilty before the court and his plea of "true" to the remaining allegation of a prior felony conviction. The court carefully admonished the appellant in accordance with Article 26.13, V.A.C.C.P. The appellant executed a "Written Waiver and Consent to Stipulations of Testimony and Stipulations" on a form as described in *DeGay v. State*, 455 S.W.2d 205 (Tex.Cr.App.1970). The form included a written judicial confes-

sion of the charged offense and of the fact of the prior conviction. Attached to the form and made a part thereof were a police report, laboratory analysis and other papers. When the exhibits were offered during the guilty plea hearing, appellant's counsel asked "to preserve our motion to suppress." The exhibits were admitted. In accordance with the plea bargain, the court assessed punishment at 30 years' imprisonment. After the second motion for new trial was overruled, the court reduced punishment to 15 years' imprisonment. Appellant then gave notice of appeal of the ruling on the motion to suppress as provided by Article 44.02, supra. See Article 44.08, V.A.C.C.P.

On appeal appellant advanced grounds of error concerning the suppression ruling. A panel of the San Antonio Court of Appeals reversed finding fundamental error instead, with one justice dissenting. *Morgan v. State*, 656 S.W.2d 171 (Tex.App.—San Antonio 1983). The court recognized under *Haney v. State*, 588 S.W.2d 913 (Tex.Cr. App,1979), that a judicial confession alone is sufficient to support a guilty plea conviction, and that where it is evidence independent of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction. See *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1978). The court noted, however, it was bound by *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981), that a plea as in the instant case "accompanied by a judicial stipulation amounting to a confession notably foreclosed appellate review but more importantly deprived the trial court of authority to accept defendant's conditioned plea" and "that the trial court erroneously apprised the appellant of the effect of his plea as accompanied by the judicial admission." The court also cited *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981), relied upon in *Mooney*.

Justice Dial, dissenting, contended that if the court followed *Haney*, which was factually identical to the instant case, the conviction should be affirmed. If not, Justice

Dial felt that the search and seizure issue should be considered. He considered it and determined the trial court did not err in overruling the suppression motion. He would affirm the conviction.

We granted the State's petition for discretionary review to determine the correctness of the Court of Appeals' opinion.[1] It is also observed that this Court and the Court of Appeals are awash with appeals involving the proper interpretation of Article 44.02, V.A.C.C.P., as amended in 1977, regarding the appeal of rulings on pre-trial motions where the defendant has entered a plea of guilty or nolo contendere and entered a plea bargain with the State as to punishment. Further delay in the finality of many cases has been enhanced, and much confusion reigns among the bench and bar in how to properly handle these pleas before the court.

In order to examine the question before us, a look at the nature of the right of appeal by a defendant in a criminal case, and the jurisdiction of the court is in order.

There is no federal constitutional right to state appellate review of state criminal convictions. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Jones v. State*, 630 S.W.2d 353 (Tex.Cr.App.1983); 21 Tex. Jur.3d, Crim.Law., § 1606, p. 402.

The Texas Constitution does not refer directly to the right of a defendant to appeal a criminal conviction. It does provide that criminal appellate jurisdiction in the Court of Criminal Appeals is subject to such exceptions and such regulations as provided in the Constitution or as prescribed by law. See Article V, § 5, Tex. Const.; 21 Tex.Jur.2d, Crim.Law, § 1606, p. 403. With regard to the appellate jurisdiction of the Courts of Appeals see Article V, § 6, Tex.Const.

The only right of a defendant to appeal is a statutory right. Article 44.02, V.A.C.C.P. See also *Powell v. State*, 269 S.W. 443 (Tex.Cr.App.1925); *Savage v. State*, 155

---

**1.** The State contends *Haney* and *Mooney* are in    hopeless conflict.

Tex.Cr.R. 576, 237 S.W.2d 315 (1951); *Ex parte Paprskar*, 573 S.W.2d 525 (Tex.Cr. App.1978); *Ex parte Spring*, 586 S.W.2d 482 (Tex.Cr.App.1978).

Thus appeals are within the control of the Legislature. "In the exercise of its powers, the Legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal." 21 Tex.Jur.3rd, Crim.Law, § 1606, p. 404; *De Silva v. State*, 98 Tex.Cr.R. 499, 267 S.W. 271 (1925).

Prior to the 1977 amendment Article 44.-02, V.A.C.C.P., simply provided:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

This broad grant of appeal regardless of the plea of the defendant,[2] has long been the law of this state.[3] Thus the right of appeal after conviction was at the option of the defendant. The trial court had no statutory authority to restrict the right of the appeal.

Over the years certain procedures and rules of evidence developed, usually depending upon the nature of the plea, which were applied on appeal.

It is observed that a plea of guilty to a felony charge before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State*, 430 S.W.2d 494, 495 (Tex.Cr. App.1968); *Renesto v. State*, 452 S.W.2d 498 (Tex.Cr.App.1970); *Brinson v. State*, 570 S.W.2d 937 (Tex.Cr.App.1978).

The rule is different where the plea of guilty or nolo contendere is entered before the court in a felony case. Texas has a procedural requirement regarding guilty and nolo contendere pleas before the court in felony cases unlike that of most jurisdictions and even unlike such pleas in misdemeanor cases in Texas. Article 1.15, V.A. C.C.P., requires that the State must offer sufficient proof to support any judgment based on a guilty or nolo contendere plea before the court in a felony case. Thus, it is not enough in such a bench trial for the defendant merely to enter a guilty or nolo contendere plea, the State has an additional burden. The history of the statute and its requirements are discussed in *Rodriquez v. State*, 442 S.W.2d 376, 379 (Tex.Cr.App. 1969) (original dissenting opinion); and *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr. App.1980) (opinion on rehearing).[4]

In a misdemeanor case when a defendant enters a plea of guilty before the court he

---

**2.** Article 27.02, V.A.C.C.P. (Defendant's Pleadings), provides, inter alia, for (3) a plea of guilty, (4) a plea of not guilty and (5) a plea of nolo contendere. Under Article 27.02, supra, the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned. *Martinez v. State*, 170 Tex.Cr.R. 266, 340 S.W.2d 56 (1960); *Chavarria v. State*, 425 S.W.2d 822 (Tex. Cr.App.1968); *Fierro v. State*, 437 S.W.2d 833 (Tex.Cr.App.1969); *Lucero v. State*, 502 S.W.2d 750, 752 (Tex.Cr.App.1973); *Sowell v. State*, 503 S.W.2d 793 (Tex.Cr.App.1974); *Fleet v. State*, 607 S.W.2d 257 (Tex.Cr.App.1979); *Lawrence v. State*, 626 S.W.2d 56 (Tex.Cr.App.1982); *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr.App.1982).

**3.** See former Articles 813, 826 and 829, V.A.C. C.P., 1925, and their forerunners.

**4.** The feature of the guilty plea procedure before the court which has evolved over the years has been the manner in which evidence is offered to support the guilty plea. The forerunner to Article 1.15, V.A.C.C.P., also required evidence to support a judgment based on a guilty plea before the court. When this writer first became a district judge in 1957, the practice in Bexar County was to present live testimony in support of guilty pleas before the court with an occasional use of stipulations, the use of a sworn statement of witnesses after the waiver by the defendant of the appearance, confrontation, and cross-examination of the witness. In order to provide an approved procedure for the use of stipulations and to preserve evidence Article 1.15 was enacted in 1965. Other methods of proof were not eliminated, but the upshot of the change was to drastically increase the use of stipulations to satisfy the requirements of Article 1.15. The change gave rise to the use of new forms, some quite good, which included the stipulations, a written judicial confession and certain catch all phrases all sworn to by the defendant. See, e.g., *DeGay v. State*, 455 S.W.2d 205 (Tex.Cr.App.1970). And it has been held that a judicial confession standing alone is sufficient to sustain a conviction on a plea of guilty. *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App.

admits every element of the offense charged. *Ex parte Clinnard*, 169 S.W.2d 181 (Tex.Cr.App.1943); *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974). The same rule applies where the guilty plea to a misdemeanor is before the jury. *Brown v. State*, supra. Article 27.14, V.A.C.C.P., provides that in pleas of guilty or nolo contendere in misdemeanor cases before the court punishment may be assessed by the court with or without evidence within the discretion of the court. See also *Foster v. State*, 422 S.W.2d 447 (Tex.Cr.App.1967); *Brown v. State*, supra, and cases there cited. Thus, normally on appeal from a conviction based on a plea of guilty or nolo contendere in a misdemeanor case, there can be no question of the sufficiency of the evidence.

Another rule most relevant to our discussion is the so-called *"Helms Rule."* In *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.

App.1972), it was held that where a plea of guilty is voluntarily and understandingly made all non-jurisdictional defects including claimed deprivation of federal due process is waived. See also *Fierro v. State*, 437 S.W.2d 833, 834 (Tex.Cr.App.1969); *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App. 1970); *Salinas v. State*, 478 S.W.2d 538 (Tex.Cr.App.1972); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1981). The *"Helms Rule"* was first recognized in *Hoskins v. State*, 425 S.W.2d 825, 829–830 (Tex.Cr.App.1968), as originating in *Bee v. Beto*, 384 F.2d 925 (5th Cir.1967). See also *Prochaska v. State*, 587 S.W.2d 726, 728 (Tex.Cr.App.1979). The *"Helms Rule"* applies to guilty pleas before a jury as well as before the court. *Carpenter v. State*, 477 S.W.2d 22 (Tex.Cr.App.1972); *Pruitt v. State*, 476 S.W.2d 693 (Tex.Cr.App.1972).[5]

Important also to our discussion is the development of the motion to suppress

---

1974); *Cooper v. State*, 573 S.W.2d 533 (Tex.Cr. App.1978); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Cr.App.1980) (opinion on rehearing). The current and common practice and shortcut to using only a judicial confession to satisfy Article 1.15 has a strong bearing on the problem under discussion. "Pleading Guilty and Staying Guilty: The Importance of Oral Judicial Confession," 45 Tex.Bar Journal 1146 (1982).

5. It has been held in this state that a plea of guilty waives search and seizure questions, *Graham v. State*, 466 S.W.2d 587 (Tex.Cr.App.1971); *Andrade v. State*, 470 S.W.2d 194 (Tex.Cr.App. 1971), a speedy trial claim, *Chapman v. State*, 525 S.W.2d 8 (Tex.Cr.App.1975), any error in overruling motion to change venue, *Utsman v. State*, 485 S.W.2d 573 (Tex.Cr.App.1972), a motion for omnibus relief including motions for continuance and to dismiss indictment, *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App.1974), obvious clerical error on outside of indictment, *Hicks v. State*, 476 S.W.2d 671 (Tex.Cr.App. 1972), and any pre-trial irregularities, including any error on overruling pre-trial motion to suppress confession, *Gonzales v. State*, 458 S.W.2d 926 (Tex.Cr.App.1970). For other state and federal cases, see 26 U.C.L.A. Law Review 360, "Conditioned Guilty Pleas," footnote # 3.

This Texas rule is in accord with the traditional rule in most jurisdictions that a guilty plea traditionally has constituted a waiver of a defendant's right to appeal a conviction on grounds other than jurisdictional violations. See *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25

L.Ed.2d 763 (1970); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). This is also the common law rule. See 26 U.C.L.A. Law Review 360, supra.

In *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Court wrote:
   "[A] guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Parker, McMann and Brady]."
In Texas Article 1.27, V.A.C.C.P., provides:
   "If this code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern."
Article 38.01, V.A.C.C.P., provides:
   "The rules of evidence, known to the common law of England, both in civil and criminal cases, shall govern in the trial of criminal actions in this State, except where they are in conflict with the provisions of this Code or of some other statute of the States."
Prior to the *Hoskins-Helms* line of cases the researcher may find few, if any, Texas cases speaking of the common law rule that a guilty plea waives all nonjurisdictional defects. It must be remembered that until 1931 a guilty

practice. Prior to the 1965 Code of Criminal Procedure there was no statutory provision for a motion to suppress and a denial of such motion was not considered error. *Johnson v. State*, 466 S.W.2d 744, 746 (Tex. Cr.App.1971); *Dominguez v. State*, 161 Tex.Cr.R. 124, 275 S.W.2d 677 (1955). A pre-trial motion to suppress evidence was not a recognized procedure in Texas. *Lacy v. State*, 168 Tex.Cr.R. 220, 325 S.W.2d 392 (1959); *Arrington v. State*, 164 Tex.Cr.R. 20, 296 S.W.2d 537 (1957); *Walker v. State*, 162 Tex.Cr.R. 408, 286 S.W.2d 144 (1956), cert. den. 350 U.S. 931, 76 S.Ct. 299, 100 L.Ed. 814. "A defendant was required to make his objections to the evidence at the trial on the merits under the procedural requirements laid down in *Rosales v. State*,

Tex.Cr.App., 399 S.W.2d 541 [1966]; *Ramos v. State*, Tex.Cr.App. 395 S.W.2d 628, 269 [1965], and *Pritchett v. State*, 154 Tex. Cr.R. 432, 214 S.W.2d 623 [1948]." *Johnson v. State*, supra. See also Special Commentary, Article 28.01, V.A.C.C.P.

With the 1965 Code came Article 28.01, V.A.C.C.P. (Pretrial), which provided for pre-trial hearings on certain matters including "(6) Motions to suppress evidence— when a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court; ...."

Question whether to hold a hearing on a pre-trial motion to suppress evidence is

plea in a felony case had to be entered before a jury. In 1931 the trial court was permitted to entertain guilty pleas in non-capital felony cases provided certain conditions were met. Articles 11 and 12 (forerunner to 1.15) were amended and Article 10a was added. Acts 1931, 42nd Leg., p. 65, ch. 43. Under the procedure established in every guilty plea before the court in a felony case, the State was required to introduce evidence showing the guilt of the defendant. The history of this change was discussed in *Rodriguez v. State*, 442 S.W.2d 376 (Tex.Cr.App. 1968) (original dissenting opinion); *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1979) (on rehearing); *Moon v. State*, 572 S.W.2d 681, 690 (Tex.Cr.App.1978) (opinion on original submission).

Under a guilty plea before either the court or judge, the court is required to exercise great care in preventing the improvident entry of a plea of guilty, and a liberal practice prevails touching the withdrawal of the plea. *Garcia v. State*, 237 S.W. 279 (Tex.Cr.App.1922); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953); *McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Cr.App.1978).

If during the proceedings the defendant considers the evidence insufficient, or for any unassigned reason he may withdraw the plea as a matter of right. *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947); *Garcia v. State*, supra; *Alexander v. State*, 152 S.W. 436 (Tex.Cr. App.1912). See *McWherter v. State*, supra; *Jackson v. State*, 590 S.W.2d 514 (Tex.Cr.App. 1979).

The defendant is authorized to withdraw his guilty plea before the court at any time before the court announces its judgment or has taken the case under advisement, *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (1959); *Ralls v. State*, supra. Where the plea is before a jury,

the plea may be withdrawn at any time before the retirement of the jury to deliberate. *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Alexander v. State*, supra. See also *Lewis v. State*, 438 S.W.2d 816 (Tex.Cr.App.1969); *McWherter v. State*, supra.

Further, and most important to our discussion, it was also well established that if the evidence, introduced before the court or jury on a guilty plea, made evident the innocence of the defendant or which reasonably and fairly raised an issue as to such fact, and such evidence was not withdrawn, then it became the obligation of the court, sua sponte, to withdraw the guilty plea and enter a not guilty plea for the defendant if he failed to do so himself. *Reyna v. State*, supra; *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1962); *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976); *Woodberry v. State*, 547 S.W.2d 629 (Tex.Cr.App.1977); *Moon v. State*, supra (opinion on original submission) at pp. 690, 691 and cases there cited.

While the above rule has been modified somewhat in guilty pleas before the court by *Moon v. State*, supra, *Sullivan v. State*, 573 S.W.2d 1 (Tex.Cr.App.1978), and *Sommer v. State*, 574 S.W.2d 548 (Tex.Cr.App.1977), it is understandable why before *Hoskins* and *Helms* there has not been a great deal of discussion about the common law rule.

Remember, too, that in this state a defendant has always been able to appeal his conviction based on a plea of guilty or nolo contendere claiming that it was not freely and voluntarily entered, that he was not properly admonished (Article 26.13, V.A.C.C.P.), that the State did not offer sufficient evidence (Article 1.15, V.A.C. C.P., where plea is before the court), that he did not have effective assistance of counsel, etc. These have always been the most common complaints raised on appeal following guilty pleas.

within the discretion of the court. *Riojas v. State*, 530 S.W.2d 298 (Tex.Cr.App.1975); *Writt v. State*, 541 S.W.2d 424, 427 (Tex. Cr.App.1976); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977). While the trial court is not required to hold a hearing on any pre-trial motion to suppress, the accused retains the right to make approximate objection at the trial on the merits. *Riojas v. State*, supra; *Writt v. State*, supra.

As described in footnote 10 of *Galitz v. State*, 617 S.W.2d 949, 952 (Tex.Cr.App. 1981), "A 'motion to suppress' evidence is nothing more than a specialized objection to the admissibility of that evidence. A primary purpose of requiring a specific objection is 'to afford opposing counsel an opportunity to remove the objection or supply other [evidence]. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App.1977).' "

If a pre-trial motion to suppress was overruled and the defendant then entered a plea of guilty or nolo contendere, the preservation of any error based on the ruling was waived in light of the *"Helms Rule."* To preserve a ruling on a pre-trial motion it was necessary for the defendant to plead not guilty.

Even if a defendant pleaded not guilty to preserve for appellate review an adverse ruling on his motion to suppress evidence, events that occur during the trial on merits could moot out the contention on appeal. For example, if the conviction was obtained upon a plea of not guilty without the use of the "tainted" evidence sought to be suppressed, the validity of the conviction was not affected by the ruling on the motion to suppress, even if erroneous. *Stiggers v. State*, 506 S.W.2d 609 (Tex.Cr.App.1974).

Further, it is a general rule that the improper admission of evidence does not constitute reversible error if the same facts were proven by other proper testimony, *Lovel v. State*, 538 S.W.2d 630 (Tex.Cr.App. 1976), or evidence to which no objection was addressed. *Watson v. State*, 532

S.W.2d 619 (Tex.Cr.App.1976). See also *Rener v. State*, 416 S.W.2d 812 (Tex.Cr. App.1967); *Lassere v. State*, 458 S.W.2d 81, 82 (Tex.Cr.App.1970); *Cherb v. State*, 472 S.W.2d 273, 278 (Tex.Cr.App.1971); *Bacon v. State*, 500 S.W.2d 512, 514 (Tex.Cr. App.1973); *Hayles v. State*, 507 S.W.2d 213, 216 (Tex.Cr.App.1974). See also *Salinas v. State*, 625 S.W.2d 397 (Tex.App.— San Antonio 1981). Under this doctrine of curative admissibility where the defendant testifies to the same facts as those objected to, there is no error presented. *Cook v. State*, 409 S.W.2d 857 (Tex.Cr.App.1966); *Sherlock v. State*, 632 S.W.2d 604 (Tex.Cr. App.1982). See also *Garza v. State*, 442 S.W.2d 693 (Tex.Cr.App.1969); *Ochoa v. State*, 573 S.W.2d 796 (Tex.Cr.App.1978); *Loar v. State*, 627 S.W.2d 399 (Tex.Cr.App. 1981); *King v. State*, 631 S.W.2d 486 (Tex. Cr.App.1982). Thus a valid judicial confession normally eliminates any appellate review of any pre-trial suppression ruling.

Still further, if lawfully obtained evidence of guilt is overwhelming, any constitutional error will generally be considered harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). This harmless error doctrine has been specifically applied to the introduction of illegally obtained evidence. See *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Wood v. State*, 573 S.W.2d 207 (Tex.Cr.App.1978); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976).

Turning from these procedures and rules, it is observed that the repetitive amendments to Article 26.13, V.A.C.C.P. (Admonishments on Pleas of Guilty in Felony Cases), commencing in 1973,[6] and the ever-increasing caseload of the Court of Criminal Appeals, the only criminal appellate court in the State at the time, and the efforts to stem that tide (see Article V, § 5, as amended 1977) focused attention upon pleas of guilty. Cries of concern were raised about the number of appeals from

---

**6.** Acts 1973, 63rd Leg., p. 968, ch. 399, § 2(A); Acts 1975, 64th Leg., p. 909, ch. 341; Acts 1977, 65th Leg., p. 748, ch. 280. See also Acts 1979, 66th Leg., p. 1108, ch. 524, § 1, eff. Sept. 1, 1979; Acts 1979, 66th Leg., p. 1160, ch. 561, § 1, eff. Sept. 1, 1979.

convictions resulting from pleas of guilty and nolo contendere, particularly in those cases where the defendants, as a result of a plea bargain, received the agreed upon punishment.

In response to this rising concern, proposed legislation was offered in the 65th Legislature in the form of Senate Bill No. 334. The bill introduced by Senator Gene Jones of Harris County originally proposed to amend Article 44.02, supra, by adding thereto the following:

"... provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere may prosecute his appeal, he must have permission of the court."

This proposal applied to the designated pleas whether before the court or jury. A fiscal note filed with the bill reflected that 35% to 45% of the appeals before the Court of Criminal Appeals involved guilty pleas.

On March 30, 1977, the Senate Committee on Jurisprudence reported to the Senate its recommendation that S.B. 334 not pass, but that the committee substitute adopted in lieu thereof do pass and be printed.

The committee substitute to S.B. 334, accepted by Senator Jones, read:

"provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, may prosecute his appeal, he must have permission of the trial court."

The committee substitute restricted the bill to the designated pleas before the court involving a plea bargain.

On April 7, 1977, a floor amendment to C.S.S.B. 334 was adopted by the Senate. The amendment added to the last line of § 1 of the bill after the last use of the word "court" the following:

"except on those matters which have been raised by written motion filed prior to trial."

As amended the bill passed the Senate by viva voce on April 7, 1977. There was no debate on the floor amendment.

In the House of Representatives S.B. 334 was referred to the Committee on Criminal Jurisprudence. After a public hearing on May 10, 1977, that Committee on May 11, 1977, reported to the House its recommendation that S.B. 334 be passed with the following addition and amendment:

"This Article in no way affects appeals pursuant to Article 44.17 of this chapter."

Said amendment referred to appeals from Justice and Municipal (nee Corporation) Courts to County Court for trial de novo. See Article 44.17, V.A.C.C.P.

On May 20, 1977 the bill, as amended, was passed by the House (Yeas 116, Nays 20, fourteen present not voting). The Senate concurred in the House Amendment by viva voce vote on May 23, 1977.

Thus Article 44.02 was amended in 1977 to read:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter." (Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977.)

As can be seen, the main thrust of the amendment was, of course, to eliminate as many appeals as possible and reduce the appellate caseload.

Article 44.02 as originally enacted in 1965 was left intact. Thus most of the former procedures were left undisturbed. A defendant convicted upon his plea of not guilty before the court or jury still retains the right to appeal at his option. By such plea the defendant still preserves the right of appellate review of the rulings on his pre-trial motions if convicted.

A defendant who enters a plea of guilty or nolo contendere *without a plea bargain,* either before the court or jury, still retains the right of appeal at his option. The former appellate procedure regarding such pleas is not changed by Article 44.02. *Cleveland v. State,* 588 S.W.2d 942 (Tex. Cr.App.1979); *Decker v. State,* 570 S.W.2d 948 (Tex.Cr.App.1978); *Morgan v. State,* 608 S.W.2d 639, 641 (Tex.Cr.App.1980); *Mitchell v. State,* 648 S.W.2d 776 (Tex.App. —San Antonio 1983).

In *Cleveland v. State,* 588 S.W.2d 942, 944 (Tex.Cr.App.1979), this Court wrote:

"By its very language, Article 44.02, supra, does not limit appeals in cases, such as the instant one where the defendant pleads guilty before the court without a plea bargain and recommendation as to punishment. We conclude the Helms line of cases still applies to appeals such as the instant one. The trial court's ruling on the motion to suppress is not before this court for review."

Unless a defendant can bring himself within the amendment to Article 44.02, the provisions thereof do not apply. See *Morgan v. State,* 608 S.W.2d 639, 641 (Tex.Cr. App.1980); *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979). Thus, should the record reflect either no plea bargaining agreement, or personal assent of the defendant as well as his attorney to the recommendation of the prosecutor as to punishment, or a plea to a jury, it follows that the defendant is not within the statutory amendments to Article 44.02. E.g., *Ex parte Sterling,* 595 S.W.2d 536 (Tex.Cr. App.1980); *Decker v. State,* 570 S.W.2d 948 (Tex.Cr.App.1978); *Prochaska v. State,* supra; *Cleveland v. State,* supra; *Wheeler v. State,* 628 S.W.2d 800 (Tex.Cr.App.1982).

If a defendant falls within the provisions of the 1977 amendment, he has no right of appeal at all without the permission of the trial court save and except the appeal from rulings on certain pre-trial matters. If an appeal from the plea itself is permitted within the discretion of the court, there is nothing to indicate any legislative intent that the appeal can be greater in nature or scope than an appeal permitted by law where the guilty plea is without a plea bargain. Thus if the court permits an appeal from the plea itself under the amendment to Article 44.02 where there is a plea bargain, it cannot enlarge upon the type of appeal to be accorded the defendant. A defendant who has already benefitted from a plea bargain, and who normally would have no appeal at all, is not entitled to a greater right of appeal merely because he gains permission of the trial court. This is plain from the language of the statute. Article 44.02 was not intended to create an artificial distinction between the two forms of guilty pleas. The court cannot waive statutory or other requisites and permit an appeal the defendant would not otherwise be accorded.[7]

While certain plea bargain guilty or nolo contendere pleas cannot be appealed without the permission of the trial court, the Legislature added "except on those matters which have been raised by written motions filed prior to trial." The provision authorizes a defendant to appeal such pre-trial matters as a matter of right with the consent of the prosecution or approval of the trial court. The issue sought to be appealed need not be dispositive of the appeal. In fact, there is no statutory limitation on the nature of the pre-trial matters. Cf. Article 28.01, V.A.C.C.P. The right, of course, arises only where there is a conviction on a plea of guilty or nolo contendere following a plea bargain as to punishment. There

**7.** To the extent of conflict, *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981) should be overruled.

was no legislative intention to provide in effect an appeal from an interlocutory order,[8] insulating the defendant from what may transpire at the guilty plea hearing, the doctrine of waiver, etc. The amendment meant a plea of guilty or nolo contendere *itself* would not waive the question raised by the pre-trial motion. The Legislature provided for an appeal from certain pre-trial rulings, but it did not guarantee success on appeal, or that the appellate court would always reach the merits of a pre-trial matter regardless of the circumstances. The rules of the evidence were not changed, the harmless error doctrine was not abolished, and there was no modification of Article 1.15, V.A.C.C.P. (requiring the State to produce evidence to support a guilty plea judgment), and Article 1.14, V.A.C.C.P. (waiver of rights). The Legislature made an innovative change in appellate jurisdiction and procedure but it did not promise applicable defendants a rose garden.[9]

8. "An appeal lies only from a final judgment and not from the granting or refusal of a preliminary order or an interlocutory order." 26 Tex.Jur.3rd, Criminal Law, Appellate Review, § 3912, p. 68.

9. It is often argued that in view of trial court docket congestion, judicial economy, etc., that a defendant in a criminal case should be able to preserve for appeal legal questions the trial court has resolved against him without being required to go through a futile trial on the merits. It has been said an approach along this line is more "sensible" particularly where the prosecution consents. *United States v. Doyle*, 348 F.2d 715 (2nd Cir.), cert. den. 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), and that there is a need for change in the "archaic" preclusive effect of a guilty plea. *United States v. Clark*, 459 F.2d 977 (8th Cir.), cert. den. 409 U.S. 880, 93 S.Ct. 209, 34 L.Ed.2d 135 (1972). See also *Lefkowitz v. Newsome*, 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975).

Those opposed often say there is a logically inconsistency in a defendant admitting legal guilt in open court and being able to maintain a claim that might enable him to escape punishment, that a "conditional" plea conflicts with the public interest in achieving finality in a criminal case, that such a plea may cause the State to try the case after substantial delay, during which time witnesses may be lost, memories dimmed, and the prosecution prejudiced, that such pleas result in a flood of appellate litigation. See generally Comment, Conditional Guilty Pleas, Post-Guilty Plea Appeal of Non-Jurisdictional Issues, 26 U.C.L.A. L.Rev. 360; Notes, 93 Harvard L.Rev. 564; 9 Houston L.Rev. 305.

The arguments for and against conditional pleas are summarized in *People v. Thomas*, 441 N.Y.S. 650, 652, 424 N.Ed.2d 537, 53 N.Y.2d 338 (1981).

In U.C.L.A. Law Review, supra, Vol. 26, at p. 367 it is written:

"Three procedures have been developed to circumvent the traditional rule's preclusive bar to appellate review of nonjurisdictional errors.

The most controversial method originates in the trial court on an ad hoc basis. This procedure is termed a 'conditioned plea': an agreement which the defendant pleads guilty in return for the express right to appeal a specific nonjurisdictional issue. A second approach, stipulation to a preliminary examination transcript simply avoids the traditional rule. The courts construe a finding of guilt based upon stipulation to be equivalent to a verdict of guilty after a trial on the merits. The third method involves the legislative enactment of statutes that expressly exempt certain nonjurisdictional issues from foreclosure of appellate review."

With regard to the first procedure, it is said that the conditioned plea is an agreement between the defendant and prosecutor approved by the trial court which allows preservation of specific non-jurisdictional issues for appellate review in exchange for the defendant's guilty plea. This is usually done only when the issue reserved is dispositive of the prosecution's ability to convict the defendant. See *United States v. Zudick*, 523 F.2d 848, 851 (3rd Cir.1975); *State v. Crosby*, 338 So.2d 584, 591 (La.1976). These conditional pleas originating in the trial court without rule or statute, or sometimes without decisional precedent, have met with mixed reaction in both federal and state courts. U.C.L.A. Law Review, Vol. 26 at p. 368. Some appellate courts have exercised jurisdiction because they felt compelled to honor the plea agreement even though not of "their own making." See, e.g., *United States v. Cox*, 464 F.2d 937 (6th Cir.1972); *Dorsey v. Cupp*, 12 Or.App. 604, 609, 508 P.2d 445 (1973). Others have rejected the same, disallowing conditional pleas based upon a guilty plea for various reasons. See, e.g., *State v. Dorr*, 184 N.W.2d 673 (Iowa 1971).

While Texas is listed as having refused to permit conditioned pleas of guilty, U.C.L.A. Law Review, Vol. 26 at p. 373, this Court has never considered a true ad hoc conditional plea originating in the trial court with the agreement of all the parties and approval of the court. However, in *Chavarria v. State*, 425 S.W.2d 822 (Tex. Cr.App.1968); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.1971); and *Kilpper v. State*, 491

In practice the application of the pre-trial motion exception has proven most troublesome. This has been particularly true where the overruled pre-trial motion has been a motion to suppress, and later there are attempts to comply with Article 1.15, V.A.C.C.P., by offering proof to support the guilty plea, particularly in the form of a judicial confession.

*Ferguson v. State,* 571 S.W.2d 908 (Tex. Cr.App.1978), taught that even an erroneous ruling on a motion to suppress will not vitiate a conviction where the "tainted" evidence is *not* introduced and the guilty plea is supported by other evidence independent of that contested by the motion. See also *Salazer v. State,* 582 S.W.2d 469 (Tex.Cr. App.1979); *Roberts v. State,* 587 S.W.2d 724 (Tex.Cr.App.1979); *Brewster v. State,* 606 S.W.2d 325, 327–328 (Tex.Cr.App.1980).

In *Haney v. State,* 588 S.W.2d 913 (Tex. Cr.App.1979), it was held that even if the so-called "tainted" evidence is introduced at the guilty plea hearing, if there is a valid judicial confession to the offense offered, then the evidence is sufficient to support the guilty plea without reference to the "tainted" evidence. The court found the rationale of *Ferguson,* the doctrine of harmless error and law on judicial confessions compelled such a conclusion.

Then came *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981), and *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981), which seemed to hold that as a matter of statutory and constitutional law, a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the court, that a question could be appealed when that agreement cannot be fulfilled. There is nothing wrong with this proposition of law, except that it does not fit either *Wooten* or *Mooney.*

*Wooten* was wrongly decided. He filed a written pre-trial motion to dismiss his robbery indictment for lack of a speedy trial under Article 32A.02, V.A.C.C.P. It was overruled. The panel opinion reflects:

> "This motion was heard on *May 30, 1980.* The trial judge's docket entry was:
>
> " 'Defendant appeared with attorney Carl Green and hearing had regard to Defendant's motion for speedy trial. [Sic] Motion overruled and *Defendant preserved his right to appeal and then plead guilty* after being fully admonished and was found guilty based on the confession of guilty. Punishment postponed to Monday 6–2–80.' [Emphasis supplied]"

S.W.2d 117 (Tex.Cr.App.1973), the convictions based on guilty or nolo contendere pleas were reversed because the pleas were improperly induced because the defendants were left with the impression they were retaining the right to appeal the rulings in their motions to suppress evidence. The pleas were held not to have been voluntarily made. This Court did not discuss as such the validity of any ad hoc agreement in the trial court.

Omitting a discussion of the second method [See, however, *Zappas v. State,* 650 S.W.2d 131 (Tex.App.—Houston [14th Dist.] 1983) (Pet. for Dis.Rev. granted and pending).], it is observed that the third method utilized to avoid the waiver of nonjurisdictional issues is through the enactment of express statutory exemptions to the traditional rule. New York was the first jurisdiction to enact legislation which provided "an order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding that such judgment upon a plea of guilty." N.Y.Crim.Proc.Law, § 710.20(1) (McKinney 1977). This statute has served as a

model for similar legislation in California (Cal. Penal Code, § 1538, S(m) (West Supp.1978) and Wisconsin (Wis.State Ann., § 971.31(10) (West 1971). Under this type of statute the issues of illegal search and seizure are exempted from the otherwise preclusive rule following guilty pleas. The statute stops with the single exception it creates, leaving untouched the waiver of other constitutional rights.

Federal Rules of Criminal Procedure, Rule 11(a)(2), as amended in 1983 reads:

"(2) Conditional pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea."

The Texas procedure set forth in Article 44.02, V.A.C.C.P., does not require the consent of the prosecution or the approval of the court nor is it limited to search and seizure questions as in other states.

The transcription of the hearing on the motion shows that the appellant presented evidence and the court denied the motion. The appellant's counsel said,

" 'Your Honor, I believe at this time, observing out appellate [sic] rights on the Speedy Trial issue, which have just been removed, we would now like to plead guilty to the charges pending in this cause.

"(Speedy Trial proceedings concluded.)'

"The transcription resumes in a separately bound volume (which is captioned, 'GUILTY PLEA AND PRESERVING THE RIGHTS ON SPEEDY TRIAL'); it begins:

" 'MR. GREEN: Your Honor, I believe at this time we are reserving our appellate rights on the Speedy Trial issue. Mr. Wooten would now like to plead guilty to the charge pending in this cause.

" 'THE COURT: Is that right, Mr. Wooten?

" 'MR. WOOTEN: Yes, Your Honor.

" 'THE COURT: You understand that by pleading guilty, you are not any which way waiving any right you have in connection with Speedy Trial.

"MR. WOOTEN: Yes, sir.'

The proceedings ended as follows:

"THE COURT: One thing I want to stress before getting into the punishment stage: if I follow the recommendation, I will go lower than the recommendation and you will have no right of appeal in connection with your guilty plea; but you will have on the Speedy Trial.

"MR. GREEN: Thank you.

"THE COURT: Is that part straight?

"MR. WOOTEN: I understand.

"THE COURT: You have no right of appeal without my consent. *I would like to have the questions answered, too.*

"MR. GREEN: Thank you, Your Honor.

"(Whereupon proceedings concluded.)

"It could scarcely be more clear that there was an arrangement, approved by the court, which induced the appellant to plead guilty in the belief that he could appeal the *issue on his rights* under the Speedy Trial Act. The trial court was not authorized to receive this plea, and the plea cannot be said to have been made knowingly and voluntarily. On remand the appellant must be allowed to replead.

"The judgment is reversed and the cause is remanded." (Emphasis supplied.)

The facts do not support the assertion there was a court approved "arrangement" which induced Wooten to plead guilty. Prior to the guilty plea appellant's counsel announced the right to appeal the pre-trial ruling was being preserved. Counsel was aware of the statutory right which is not dependent upon the consent of the prosecution. There was, of course, a colloquy between the court and Wooten and his attorney. Much of that quoted dealt with the requirement under Article 26.13(a)(3), V.A. C.C.P., that the defendant be duly admonished. Said statute reads in part;

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of

"(1) * * *

"(2) * * *

"(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial." (Acts 1979, 66th Leg., p. 1108, ch. 524, § 1, eff. Sept. 1, 1979.)

The above quoted amendment was in effect at the time of Wooten's guilty plea on May 30, 1980 and was followed by the trial court. Merely following the dictates of the statute does not constitute "approval" by the court of an "arrangement" by the State

and defendant, if any.[10] The record is not sufficient to support the fact that Wooten's plea was involuntary because he was induced to believe that the court on appeal would reach and pass on the merits of his pre-trial contention regardless of the circumstances. There was no false or incorrect assurance by anyone in authority that certain specific matters would necessarily be considered on appeal or that the appeal would be successful. Cf. *Roberts v. State*, 456 S.W.2d 89 (Tex.Cr.App.1970); *Benavides v. State*, 475 S.W.2d 243 (Tex.Cr.App. 1971); *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972).

*Wooten* is actually quite similar to the facts in *Young v. State*, 622 S.W.2d 582 (Tex.Cr.App.1981), where this Court found the trial court's comment "What I will do is overrule the motion; and it will be a nice point for you to take up, won't it? How are we going to find out if we don't ask those people up there?" distinguished the case from *Wooten* and *Mooney*. In *Wooten*, however, the trial court said, "I would like to have the questions answered, too."

Now why did the *Wooten* panel reach the decision it did?

Because the panel in *Wooten*, citing *Flores v. State*, 606 S.W.2d 859 (Tex.Cr. App.1980), and *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.1980), held that a plea of guilty waives the rights accorded by the Speedy Trial Act (Article 31A.02, V.A.C.C. P.), under an interpretation of that statute. However, *Luna* and *Flores*, in which this Court sharply divided 5 to 4, were decided on June 19, 1980. The guilty plea in *Wooten* was on May 30, 1980. The trial judge could not have known of those decisions. It is true that at the time there was outstanding a panel opinion of this Court in accord with *Luna* and *Flores*. See *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr. App.1979). However, there was a later

panel opinion, outstanding at the time, which considered on appeal the validity of pre-trial speedy trial motions under Article 31A.02 despite a plea of guilty and a plea bargain. See *Callaway v. State*, 594 S.W.2d 440 (Tex.Cr.App.1980).

Needlessly to say the law at the time of the *Wooten* plea was far from settled. Yet *Wooten* not only presumed the trial judge was aware of the status of the law but used it to improperly induce Wooten into pleading guilty when he should have used it to reject the guilty plea.

Of course, as we now know, *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983), has overruled *Ramirez*, *Luna*, and *Flores* and their progeny. A guilty plea does not necessarily waive all rights under the Speedy Trial Act (Article 32A.02, supra). *Wooten*, if decided today, would reach a different result. No one would accuse the trial judge of improper inducement, or say he should have rejected the guilty plea. The ruling on pre-trial motion would be considered. *Wooten* should be overruled.

*Mooney v. State*, 615 S.W.2d 776 (Tex.Cr. App.1981), was also wrongly decided. Dean Mooney was charged with aggravated promotion of prostitution, a third-degree felony, but was assessed punishment for a Class A misdemeanor. See V.T.C.A., Penal Code, § 12.44. His pre-trial motion to suppress the fruits of a search was overruled. Thereafter he entered a plea of nolo contendere pursuant to a plea bargain agreement. After inquiring into that agreement the court informed Mooney that he would not be permitted to appeal the plea itself, but could appeal the ruling on any pre-trial motion,[11] thus informing him of his statutory right under Article 44.02. The court then duly admonished Mooney in accordance with Article 26.13, V.A.C.C.P., and examined the stipulation of evidence to determine if it was voluntarily entered into

---

10. The trial court should not engage in plea bargaining. *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5 (Tex.Cr.App.1983). There is no showing the court engaged in any such plea bargain. Wooten had an ample opportunity to withdraw his plea or to object to the procedure.

He made no claim he was under compulsion to enter a plea of guilty, or that he had ineffective assistance of counsel.

11. The colloquy is set out in part in *Mooney*, supra, at pp. 777, 778.

by Mooney. The court informed Mooney of his right to remain silent and that the signing of the stipulation would be a judicial admission of the offense charged, and instructed him to discuss the matter with his attorney. The prosecutor then informed Mooney the stipulation would be a "judicial confession" and sufficient to support the court's finding of guilt. The stipulation was then entered into evidence. There is nothing to indicate the prosecution reached beyond the bounds of propriety in obtaining the stipulations.

The plea and the stipulations were determined by the trial court to be freely and voluntarily entered.

This Court's panel held that due to Mooney's "stipulation to the commission of the offense the errors presented in his motion to suppress are not appealable under Article 44.02, supra." The panel then stated, "... the trial erroneously apprised the appellant of the effect of his plea." Of course, this was not right. Merely informing a defendant of his statutory right of appeal of a pre-trial ruling under Article 44.02, supra, or admonishing him under Article 26.13(a)(3), V.A.C.C.P., does not indicate, as the panel said, that the plea was induced by an understanding that the matters raised by the suppression motion would be accorded appellate review on its merits regardless of the circumstances.

Apparently what concerned the panel was the fact the court "never advised the appellant that the effect of his stipulations to the commission of the offense would be to foreclose his right to appeal the pre-trial matters raised in his motion to suppress." The panel obviously considered it the duty of the trial court to intervene, sua sponte, when evidence is being offered in support of the guilty plea, and to advise the defendant as to the effect of each piece of evidence if it might affect the outcome of the appeal.[12]

After citing *Wooten,* the *Mooney* panel found Mooney's plea involuntary and in violation of due process and reversed the conviction saying the court should not have accepted the guilty plea.

In *Stinson v. State,* 658 S.W.2d 820 (Tex. App.—2nd Dist.1983) (Petition for Discretionary Review granted and pending) the Ft. Worth Court of Appeals, speaking through Justice Hughes, reversed the attempted burglary conviction finding that facts were "identical" with *Mooney* and that ruling controlling. That court did point out what disturbed it about *Mooney.*

"We do not agree however, with the broad statements in *Mooney* which are unsupported in other cases the Court of Criminal appeals has handed down upon the issues raised herein. See *Haney v. State,* 588 S.W.2d 913 (Tex.Cr.App.1979); *Ferguson v. State,* 571 S.W.2d 908 (Tex. Cr.App.1978); *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974). * * * the Court of Criminal Appeals stated that due to Mooney's stipulation to the commission of the offense, the errors presented in his motion to suppress are not appealable under Tex.Code Crim. Proc.Ann. art. 44.02 (Vernon 1979). In our opinion art. 44.02 does stand for the above proposition."

After setting out Article 44.02 and citing cases where under statute this Court had held there was jurisdiction to hear the appeal [*Wheeler v. State,* 628 S.W.2d 800 (Tex.Cr.App.1982); *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981); *Prochaska*

---

**12.** It is observed that at the time of the plea in *Mooney* formal notice of appeal in accordance with Article 44.08, V.A.C.C.P., had not yet been given. *Mooney* does not explain how the trial judge is to give advice on the legal effect of a judicial confession, etc., on an appeal where notice of appeal is not required to be given until the time set by Article 44.08. We do note in *Strother v. State,* 619 S.W.2d 177 (Tex.Cr.App. 1981), a panel of this Court held that a defendant who did not assert his right to appeal at time trial court accepted his guilty plea and judicial confession, lacked standing to appeal and attack overruling pre-trial motion to suppress evidence. The panel relied upon *Wooten.* In *Strother* there was no discussion that a premature notice of appeal is normally ineffective. *Gordon v. State,* 627 S.W.2d 708 (Tex.Cr.App. 1982); *Menasco v. State,* 503 S.W.2d 273 (Tex. Cr.App.1973). See also *Johnson v. State,* 649 S.W.2d 153 (Tex.App.—Austin 1983).

*v. State,* 587 S.W.2d 726 (Tex.Cr.App. 1979)], the Ft. Worth court continued:

"The motion to suppress filed by Stinson in this case is appealable under art. 44.02 because it was raised in a pre-trial written motion and the court had an opportunity to consider it. *Haney v. State,* supra. . . .

"The court in *Mooney* also stated that the effect of Mooney's stipulation to the commission of the offense was to foreclose his right to appeal the pre-trial matters raised in his motion to suppress. We did not read other cases handed down by the Court of Criminal Appeals to be in support of this statement.

"The effect of entering the stipulation does not foreclose the right to appeal. That right is afforded a defendant under art. 44.02 as we stated above. The stipulations do have the effect however of rendering errors dealing with the motion to suppress harmless. This is because of the holdings in cases of *Stiggers v. State,* supra; and *Haney v. State,* supra. If the evidence seized as a result of the illegal search is not introduced in evidence at the hearing on the plea, any error with respect to such search is not reviewable. This is because nothing is presented for review. *Stiggers v. State,* supra. If the evidence is introduced in evidence, the judicial confession will nullify the prejudicial effect of the introduction. *Haney v. State,* supra.

"Under these cases, although a defendant has a right to appeal his overruled motion to suppress evidence, his appeal is of no practical effect.

"The decision in *Mooney* seems to require that the trial court advise the defendant of the effect of the entering of his stipulation in evidence. The failure of the court to do so renders the plea involuntary and the cause must be reversed and remanded for new trial. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr. App.1981)."

Much of what was said in *Stinson* about *Mooney* is well taken. Further and most important with regard to the statement in *Mooney* that the trial court never advised Mooney that the effect of the stipulation (judicial confession) would foreclose his right of appeal, there is found no precedent for such statement.

In fact, while it may be better practice, it has been said Texas has no procedural rule requiring the trial court to advise a defendant of his right of appeal and the procedure. *Ex parte Engle,* 418 S.W.2d 671 (Tex.Cr.App.1967); 21 Tex.Jur.3d, Crim. Law, § 1608, p. 407. Now, as has been seen, the trial court must admonish the defendant as required by Article 26.-13(a)(3), as amended in 1979, where there is a plea bargain as contemplated by Article 44.02.[13]

Even this amendment to Article 26.13 imposes no duty on the trial court to sua sponte advise a defendant on the possible legal effect of each item of evidence as introduced.[14]

---

**13.** Prior to the amendment, however, it was held in *Eubanks v. State,* 599 S.W.2d 815 (Tex. Cr.App.1980), that Article 26.13, supra, did not require the court to inform a defendant of the possible effect of his guilty plea on his right to appeal under Article 44.02.

**14.** In *Newell v. State,* 461 S.W.2d 403 (Tex.Cr. App.1970), it was held under Article 26.13 the trial court has no duty to inform a defendant that he does not have to testify. *Decker v. State,* 570 S.W.2d 948 (Tex.Cr.App.1978), held that Article 26.13 does not require the court to admonish the defendant as to his right to confront witnesses, his privilege against self-incrimination, or that the State has the burden of proof beyond a reasonable doubt and the same is true as to the compulsory process to obtain witness-es. *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex. Cr.App.1974). See also *Vasquez v. State,* 522 S.W.2d 910 (Tex.Cr.App.1975).

Still further, Article 26.13, V.A.C.C.P., does not require the court to inform a defendant of his right to probation, *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972), or that he might not receive probation, *Brown v. State,* 478 S.W.2d 550 (Tex.Cr.App.1972), or of the right of the jury instead of the judge to grant probation, *Laue v. State,* 491 S.W.2d 403 (Tex.Cr.App.1973). See also *Wilson v. State,* 436 S.W.2d 542 (Tex.Cr. App.1968).

The court under Article 26.13 also need not inform the defendant of its discretion to cumulate sentences, *Simmons v. State,* 457 S.W.2d 281 (Tex.Cr.App.1970), or that any resulting conviction from a guilty plea may be used for

In *Nycum v. State,* 650 S.W.2d 91 (Tex. App.—Houston [14th] 1982) (Petition for Discretionary Review granted and pending), it was written:

"The trial court has no duty under Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon 1966) or otherwise, to warn against or to correct all of a defendant's misbegotten expectations of the scope of his appellate rights."

In *Rose v. State,* 465 S.W.2d 147 (Tex.Cr. App.1971), this Court wrote:

"We know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. *It is not the court's function to act as legal counsel for the appellant.* (Emphasis supplied.) See also *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex.Cr.App.1974).

*Mooney* was clearly wrong in holding that the trial court must advise a defendant as to any effect of every stipulation, confession, or other item of evidence (offered to support his guilty plea) on his right to appeal pre-trial matters under Article 44.- 02, V.A.C.C.P.[15] Said admonishment is not required by Article 26.13 or Article 44.02 or any line of decisional law except *Mooney.* It is not required where there is a plea of guilty without a plea bargain, and certainly not required where the plea is not guilty.

Still further *Mooney* is in sharp conflict with *Haney v. State,* 588 S.W.2d 913 (Tex. Cr.App.1979). Haney's pre-trial motion to suppress the seized methamphetamine was overruled. Thereafter he entered a guilty plea before the court and agreed to the penalty recommendation by the prosecutor. A police officer testified about the offense and the vial of methamphetamine, the subject of the motion to suppress, was introduced. Haney voluntarily took the witness stand and made a judicial confession and repeated the admission in response to the court's interrogation. The record showed

---

enhancement of punishment in event of a subsequent felony conviction. *Green v. State,* 491 S.W.2d 882 (Tex.Cr.App.1973); *Cooper v. State,* 492 S.W.2d 545 (Tex.Cr.App.1973).

**15.** Article 27.14, V.A.C.C.P., provides that in pleas of guilty or nolo contendere in misdemeanor cases punishment may be assessed by the court with or without evidence within the discretion of the court. And when a defendant enters a plea of guilty before the court, he admits every element of the offense. *Ex parte Clinnard,* 169 S.W.2d 181 (Tex.Cr.App.1943); *Brown v. State,* 507 S.W.2d 235 (Tex.Cr.App. 1974). In many misdemeanor bench trials no evidence is heard. In *Isam v. State,* 582 S.W.2d 441 (Tex.Cr.App.1979), it was held that on appeal from misdemeanor convictions before the court adverse rulings on pre-trial matters may be considered despite a guilty plea which "plea admits every element of the offense charged," *Brown v. State,* supra. *Isam* reasoned that if the rule were otherwise in an appeal under Article 44.02 as amended the guilty plea before the court in misdemeanor cases would have the same effect as the judicial confession in *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), and the purpose of Article 44.02 as to appeal of pre-trial matters would be frustrated in misdemeanor cases. The rule in *Brown* was not to be applied in such cases on appeal.

*Mooney,* also a misdemeanor case, made clear though that *Isam* was to be restricted to cases where the trial court heard no evidence. It applied other rules where evidence was heard.

Left unclarified is the rule in misdemeanor cases where the court hears some evidence but certainly not evidence sufficient to support the plea as required by Article 1.15, V.A.C.C.P., in felony cases.

The impact of *Isam* is that in certain misdemeanor cases it gives an interlocutory appeal to certain defendants on overruled motion to suppress which is nothing more than a glorified or specialized objection. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977). If the "objection" is sustained on appeal in an *Isam*-type case, then the conviction must be reversed and the trial court "must lick the calf all over again." Defense counsel will only be encouraged to use this interlocutory appeal as an instrument of harassment and delay. Judicial economy is certainly not involved in the *Isam* ruling.

Most interestedly *Isam* should never have been written as it was. An examination of the appellate record shows that Article 44.02, as amended, was never applicable to *Isam.* The only mention of a plea bargain was the trial judge's statement that he was assessing punishment within the range of the "plea bargain." There was nothing to show what punishment, if any, was recommended by the prosecution, or that the defendant and his attorney agreed, certainly nothing to show the defendant's personal assent to the punishment. Article 44.02, as amended in 1977, was not applicable. *Cleveland v. State,* 588 S.W.2d 942, 944 (Tex.Cr.App. 1979); *Prochaska v. State,* 587 S.W.2d 726 (Tex. Cr.App.1979); *Decker v. State,* 570 S.W.2d 948 (Tex.Cr.App.1978).

the plea and Haney's testimony were knowingly and voluntarily given. This Court noted the legality of the search in *Haney* was properly raised by written motion prior to trial and that this Court had jurisdiction of the appeal citing Article 44.02. As earlier observed, the Court found that even if the "tainted" evidence, the subject of the contested pre-trial motion, was introduced the evidence was sufficient to support the guilty plea (Article 26.13, V.A.C.C.P.), in light of the voluntarily given judicial confession. The Court relies upon the rationale of *Ferguson*, the doctrine of harmless error, and a judicial confession, standing alone, is sufficient to support the conviction on a guilty plea. The *Haney* conviction was affirmed.

Under *Mooney* the *Haney* trial court would be faulted for failing to apprise Haney that the effect of his judicial confession would be to foreclose his appeal and for accepting the guilty plea.

The ultimate effect of *Wooten* and *Mooney* has been described as "a yoke on the neck of justice."[16] If a conviction is reversed on appeal under the *Wooten-Mooney* rule, the cause is remanded to the trial court and the defendant is permitted to re-plead. There may be little or no benefit to either party or the judicial system. Time and expense are consumed in a new trial and the possibility of a new appeal. No judicial economy is involved. Further, from a practical standpoint many trial courts are reluctant to initially accept guilty plea bargains, where there are overruled pre-trial motions, for fear that law is or could be or might be at the time of the appeal such that the appellate court will say it should not have accepted the guilty

plea. Trial courts are also leery of having to sua sponte intervene and advise a defendant as to the legal effect of a voluntarily entered judicial confession or other items of evidence offered without objection. In some cases, because of the nature of the pre-trial motions, such advice would be immaterial, but in other cases, involving pre-trial suppression motions, the advice may be all important under *Mooney*. *Wooten-Mooney* does not promote the purpose of Article 44.02 but impedes them.

*Mooney* and *Wooten* were not properly decided on the facts of either case, and I would adhere to *Haney* and *Ferguson*. In so doing I would emphasize that a defendant is free to actually prove that his guilty plea was not voluntary or that it was improperly induced by one in authority,[17] or that he did not have the effective assistance of counsel, etc. This is what was not proven under the facts of *Wooten* or *Mooney*.

Turning to the facts of the instant case set forth at the beginning, I find they are almost identical with those of *Haney*, and that decision is here controlling. The judicial confession was sufficient alone, independent of other evidence, to sustain the conviction based upon the guilty plea, even though the "tainted" evidence was also introduced.

Today's majority, however, views the judicial confession as the principal hazard to review on appeal of rulings on pre-trial motions where the defendant has entered a plea of guilty or nolo contendere under the provisions of Article 44.02 and a judicial confession is entered, and the *Stiggers-Ferguson* formulation is applied. However, a

---

16. In *Zappas v. State*, 650 S.W.2d 131 (Tex.App. —Houston [14th Dist.] 1983, the Court citing *Wooten* held that the trial court erred in accepting the defendant's plea of nolo contendere, conditioned upon the right to appeal matters raised by an overruled pre-trial motion, while simultaneously admitting into evidence the defendant's waiver of constitutional rights, judicial confession and stipulation of evidence. The Court there observed:

"A conditional plea of nolo contendere or guilty made by agreement of defendant, pros-

ecutor and trial court *places a yoke on the neck of justice* and creates a situation that forces the Court of Appeals to reverse and remand cases to the trial court for a re-plea and/or trial." (Emphasis supplied.)

17. See *Hessbrook v. State*, 421 S.W.2d 907 (Tex. Cr.App.1969), where it was held that defendant on appeal failed to show that he was influenced by or relied upon any announcements or statements made by the trial court in withdrawing his not guilty plea and entering his guilty plea.

judicial confession, oral or written, must be freely and voluntarily given or it is not admissible into evidence.

Concerned that admissible judicial confessions or admissions made in open court "substantially vitiates the amendment," the majority holds "Just as the plea itself no longer waives the right to complain of pre-trial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint. To this extent, then, *Ferguson* and its progeny including *Haney* are overruled. * * * having overruled *Haney,* we no longer need apply the rationale of *Mooney* and *Wooten* in the context of convictions obtained under Article 44.02."

What the majority is saying is that if the appellate court finds the trial court erred in its pre-trial ruling, the cause is reversed despite the guilty plea and despite a judicial confession freely and voluntarily given so as to be admissible in evidence. So if the Constable blunders, there must be a new trial or perhaps the defendant even goes free despite the fact he has confessed the crime in open court. And this is so because the majority says it is the legislative intent. I seriously doubt that the Legislature would embrace that conclusion for reasons earlier stated.[18]

Supposedly the majority would argue a judicial confession under the circumstances would be "suspect from the beginning." What happens then if the appellate court finds the trial court properly overruled the pre-trial motion, is the conviction affirmed with the "suspect" judicial confession as the basis therefor? Does the validity of the judicial confession as evidence depend upon the appellate court's decision on the trial court's pre-trial ruling? What if there is a reversal because of the pre-trial ruling, may the judicial confession be utilized at a possible second trial? What do "admissions in open court" encompass? Do they include stipulations?

There are other questions. What if, in addition to the judicial confession, the State introduces other evidence independent of the "tainted" evidence involved in the pre-trial motion which in and of itself is sufficient to support the conviction based on the guilty plea, then is *Ferguson* alive and well to that extent? May the appellate court then affirm the conviction without the necessity of passing on the pre-trial ruling?

Now we have one rule in pleas of not guilty, see *Stiggers v. State*, supra, and a different rule for guilty pleas under Article 44.02 where pre-trial rulings are sought to be appealed with many questions left unanswered.

For all the reasons stated, I respectfully dissent.

---

**18.** An interlocutory appeal of a pre-trial ruling using a "conviction" as a facade was not what was contemplated by the Legislature.