**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Elisha COMBS, Defendant-Appellant.**

**No. 20947.**

United States Court of Appeals,
Sixth Circuit.

Aug. 12, 1971.

William F. Hopkins, Cincinnati, Ohio, for appellant.

Robert E. Rawlins, Lexington, Ky. (Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty, Lexington, Ky., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

PER CURIAM.

The single issue argued on this appeal by the defendant-appellant is the validity of a search warrant. The government contends that such issue need not be decided as the defendant lacks standing to challenge the legality of the search and seizure. We agree and affirm the judgment of conviction.

Defendant was indicted and convicted by a jury of receiving and concealing twenty-six cases of taxpaid whiskey stolen from an interstate shipment in violation of Title 18 U.S.C. § 659. The allegedly defective search warrant was executed upon the premises of the father of the defendant, which were located at Hazard, Kentucky. The defendant lived in Newport, Kentucky, and was not present when the warrant was executed and the whiskey discovered inside a shed a short distance from his father's residence. At the time of the search, the mother of the defendant produced a rent receipt showing that the shed was under

lease to a Jim Martin and Charlie Chapman. The defendant disclaimed any interest in or knowledge of the whiskey in the shed, and there was testimony at the trial that it had been placed there by one of the named lessees.

A motion to suppress the evidence seized as a result of the search of the shed was made by the defendant and his two codefendants[1] prior to trial and, following an evidentiary hearing, was denied by the District Judge. The denial was apparently grounded on the conclusion that the allegedly defective affidavit for the search warrant did provide a sufficient basis for a finding of probable cause. There was no evidence introduced at the hearing relating to the standing of the defendant to challenge the validity of the search.

As the evidence at the trial showed, the defendant, a resident of Newport, Kentucky, asserted no possessory or proprietory claim to the searched premises located in Hazard, Kentucky, or to the stolen property that was seized. Under such circumstances "[t]he established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." Alderman v. United States, 394 U.S. 165, 171–172, 89 S.Ct. 961, 965, and at page 173, 89 S.Ct. 961, at page 966, 22 L.Ed.2d 176 (1969) quoting the rule as stated in Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960):

> "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else
> \* \* \*

"Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy."

This rule has been stated and consistently followed by this Court in many cases, e. g., United States v. Gregg, 403 F.2d 222 (6th Cir. 1968), aff'd. 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442, rehearing denied 395 U.S. 917, 89 S.Ct. 1738, 23 L.Ed.2d 232; United States v. Graham, 391 F.2d 439 (6th Cir. 1968), cert. denied, 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278; United States v. Thomas, 342 F.2d 132 (6th Cir. 1965), cert. denied 382 U.S. 855, 86 S.Ct. 105, 15 L.Ed.2d 92; Hardwig v. United States, 23 F.2d 922 (6th Cir. 1928).

The judgment of conviction is affirmed.

---

1. Defendant's father, a codefendant, was convicted but did not appeal, the other codefendant was acquitted on a related charge.