Achilleus Matthew ZAPPAS, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–812CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 1983.

Rehearing Denied Feb. 17, 1983.

Discretionary Review Granted
April 27, 1983.

Jerry Guerinot, Houston, Steve Hebert, Baytown, for appellant.

Timothy Taft, John Kyles, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a conviction, arising out of a plea of Nolo Contendere, for the offense of possession of a controlled substance (methamphetamine), wherein the Court assessed punishment at seven years confinement in the Texas Department of Corrections. We reverse and remand.

Appellant was indicted for the felony offense of Possession of a Controlled Substance. On July 28, 1981, a hearing was held to consider appellant's Pre-Trial Motion to Suppress, wherein appellant sought to suppress the evidence seized by police officers at the time of his arrest, on the legal grounds of lack of probable cause to arrest and unreasonable search and seizure. After examination of the two principal police officers who arrested appellant, the Court overruled appellant's motion. Thereafter, on November 30, 1981, in accordance with a plea bargain agreement reached with the State and approved by the Court, appellant entered a plea of Nolo Contendere conditioned upon appellant's right to appeal the adverse ruling on his pretrial motion. The plea contained a waiver of constitutional rights, agreement to stipulate as to evidence and testimony, and a judicial confession. In accepting the plea, the Court specifically granted appellant the right to ap-

peal issues raised in the Pre-Trial Motion to Suppress. After accepting the plea and related matters, the Court found appellant guilty and assessed punishment at seven years in the Texas Department of Corrections. Appellant then gave notice of appeal, which the Court duly noted, setting the bond at five thousand dollars ($5,000.00), pending the ruling of the Court of Criminal Appeals.

In his only ground of error, appellant urges that the trial court erred in accepting his plea of nolo contendere, conditioned upon the right to appeal matters raised by the overruled pretrial motion, while simultaneously admitting into evidence appellant's waiver of constitutional rights, judicial confession and stipulation of evidence. We agree. In the case at bar, in accepting appellant's plea of nolo contendre, the trial court specifically granted appellant the right to appeal the search and seizure issue which had been the subject of the overruled pretrial motion to suppress. The trial court does not have the authority to accept such a plea. The Court of Criminal Appeals has ruled on similar actions by trial courts and has concluded that this type of plea is a conditional one, not made voluntarily or knowingly, to-wit:

> If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, then the trial court was not authorized by state law to accept such a plea. *Kilpper v. State,* 491 S.W.2d 117 (Tex.Cr.App.1975); *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App.1971); *Chavarria v. State,* 425 S.W.2d 822 (Tex.Cr.App.1968). As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the court, that a question could be appealed when that agreement cannot be fulfilled. *United States v. Lopez,* 571 F.2d 1345 (5th Cir. 1978); *United States v. Hill,* 564 F.2d 1179 (5th Cir.1977) . . . the plea cannot be said to have been made knowingly and voluntarily.

*Wooten v. State,* 612 S.W.2d 561 (Tex.Cr. App.1981).

A conditional plea of nolo contendere or guilty made by agreement of defendant, prosecutor and trial court places a yoke on the neck of justice and creates a situation that forces the Court of Appeals to reverse and remand cases to the trial court for a re-plea and/or trial. These cases then inevitably come back to the Court of Appeals for a review of the issues brought forth in the pre-trial motions. This Court feels that a simple solution is available to the defendant to eliminate the time and cost involved in the above process. Upon receiving an adverse ruling to a pre-trial motion, if a defendant wishes to appeal that ruling, without trying the case on its merits, the defendant may plead not guilty, waive jury trial, stipulate to the evidence and testimony of witnesses, waive right of cross-examination, and avoid testifying or making a judicial confession. Upon a finding of guilty by the Court, the defendant can appeal the adverse ruling on the pre-trial motions without approval of the Court. The defendant in this instance has had his day in court and his trial by the Court, and his plea is certainly made voluntarily and knowingly. The Court of Appeals may then review the issues raised by the pre-trial motions and avoid the dilemma created by the "conditional plea."

Even though we must reverse this conviction, the collateral result—not addressing the issues within the overruled motion to suppress—is not in the best interests of judicial economy. A review of this overruled pre-trial motion to suppress would effectively eliminate the unnecessary relitigation of the case. Therefore, in compliance with a request by both appellant and appellee that the Court of Appeals address the issues raised by appellant's pre-trial Motion to Suppress—and in the interest that justice may best be served—this court will review the appellant's Pre-Trial Motion to Suppress.

In the suppression hearing of the case at bar, appellant was attempting to suppress the seized evidence on the basis that the search was without probable cause

and the seizure was unreasonable, pursuant to the requirements of the Fourth Amendment to the U.S. Constitution. This argument we find to be without merit. Even though there was conflicting testimony on the question of whether the confidential informant personally saw the controlled substance on appellant's person, the record reflects the following unchallenged testimony:

1) testimony that the police officers in question had used information from this informant before, and it had led to prosecutions and convictions;

2) testimony reflecting the fact that the day on which the information was provided and the arrest made was April 21, 1981, a state holiday, when no Magistrate was assigned to duty at the Municipal Courts Building, thus making it extremely difficult to obtain a valid warrant;

3) testimony by both officers that the informant had told them that appellant was going to leave the hotel in which he was staying, thus requiring prompt attention to the apprehension of appellant;

4) testimony indicating that appellant voluntarily consented to the search of his hotel room, and signed a written consent form to that effect after he had been admonished of his constitutional rights.

As a result of these facts, the arrest and search were the result of the requisite probable cause and were not unreasonable. The trial court properly overruled appellant's motion to suppress.

The conviction is reversed and remanded.