Abraham CHAPA, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–0003–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1985.

Gerald G. Acosta, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft and Bryan Lyn McClellan, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Abraham Chapa appeals his conviction for the felony offense of possession of a controlled substance (heroin). The only issue before us is this: Does a taxi cab customer have an expectation of privacy in the vehicle's passenger compartment greater than an ordinary motor vehicle passenger? Our answer is "No." We affirm.

At a pre-trial hearing on appellant's motion to suppress the heroin the state asked that the appellant first establish "standing" to assert that his Fourth Amendment rights had been violated. Appellant took the stand and testified that he had hired a taxi cab and given his destination when Houston police officers pulled the cab over. He was in the front passenger seat. His wife and a friend sat in back. One officer asked appellant to step out of the cab. Appellant was searched but no contraband was found on his person. An officer then found a piece of aluminum foil underneath the cab's front seat, passenger side. The foil apparently contained the heroin. On cross-examination appellant said that the foil packet did not belong to him and that he had no idea how it got under his seat.

After hearing only appellant's testimony, the court overruled the motion to suppress. Thereafter, appellant pled no contest, waived jury trial and entered into a plea agreement for 16 years' confinement. The state dropped the two enhancement paragraphs of the indictment.

In his sole ground of error appellant asserts that the trial court erred in overruling his motion to suppress.

In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Supreme Court of the United States held that a passenger in an automobile does not normally have a legitimate expectation of privacy in the glove compartment or under the seat of an automobile. Appellant argues that because he was a paying customer of the cab with an implied agreement that he could restrict access to the cab by other riders, he had an expectation of privacy sufficient to invoke Fourth Amendment protection from search of the passenger compartment.

We fail to see how the fact that appellant hired the cab gave him any greater rights than an ordinary passenger. A taxi cab is still a highly mobile motor vehicle subject to the same, if not more, licensing and registration regulations as other vehicles. These are the factors that justify the motor vehicle exception. *See California v. Carney*, —— U.S. ——, 105 S.Ct. 2066, 85 S.Ct. 406 (1985).

Appellant's ground of error is overruled. The conviction is affirmed.