**Achilleus Matthew ZAPPAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–812–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 5, 1985.

Steve Herbert, of Herbert & Dunnam, Baytown, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., John H. Kyles, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

On the state's petition for discretionary review, the court of criminal appeals issued an opinion wherein this case was remanded to this court for action not inconsistent with *Morgan v. State*, 688 S.W.2d 504 (Tex. Crim.App.1985).

Appellant pled nolo contendere to the charge of possession of a controlled substance and then attempted to appeal an adverse ruling on a pre-trial motion. His plea was accepted by the court with full notice of and consent to appellant's right to appeal the court's ruling on the pre-trial motion. A defendant in any criminal action in the State of Texas has the right to appeal, following a plea of guilty or nolo contendere, any matter which has been raised by written motions filed prior to trial. TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). However, prior to the time of appellant's appeal, the court of criminal appeals held a plea was not voluntary when it was induced by an under-

standing that adverse rulings on pre-trial motions could be appealed when they in fact were not appealable. *See Wooten v. State,* 612 S.W.2d 561 (Tex.Crim.App.1981); *Ferguson v. State,* 571 S.W.2d 908 (Tex. Crim.App.1978); *Kilpper v. State,* 491 S.W.2d 117 (Tex.Crim.App.1973); *Killebrew v. State,* 464 S.W.2d 838 (Tex.Crim. App.1971); *Chavarria v. State,* 425 S.W.2d 822 (Tex.Crim.App.1968).

The prior rulings of the Texas Court of Criminal Appeals left the state, defense attorneys and the trial courts in a quandary as to how a defendant could appeal an adverse ruling on a pre-trial motion without having a full-blown trial. Many convictions across the State of Texas were being overturned by the courts of appeals because they were forced to follow the dictates of the Texas Court of Criminal Appeals. In *Zappas v. State,* 650 S.W.2d 131 (Tex.App. —Houston [14th Dist.] 1983, pet. granted), this court attempted to resolve the dilemma. *Zappas* followed the prior case law as handed down by the Texas Court of Criminal Appeals and reversed the judgment of the trial court based on the involuntariness of the plea; however, this court suggested a solution to the problem by allowing the defendant to plead not guilty, stipulate to the evidence without judicially confessing and thereby preserve his right to appeal the adverse rulings on the pre-trial motions. This court further held:

> Even though we must reverse this conviction, the collateral result—not addressing the issues within the overruled motion to suppress—is not in the best interests of judicial economy. A review of this overruled pre-trial motion to suppress would effectively eliminate the unnecessary relitigation of the case. Therefore, in compliance with a request by both appellant and appellee that the Court of Appeals address the issues raised by appellant's pre-trial Motion to Suppress—and in the interest that justice may best be served—this court will review the appellant's Pre-Trial Motion to Suppress.

*Id.* at 132. The *Zappas* opinion further discussed the pre-trial hearing on the motion to suppress, the testimony of the police officers at the hearing, the information received by a confidential informant, the prior reliability and credibility of said informant, appellant's voluntary consent to the search of his hotel room and a written consent form signed by appellant after being admonished of his constitutional rights. This court then held that the search was reasonable, that the contraband found as a result of the search was admissible and that the trial court had correctly overruled appellant's motion to suppress. *Id.* at 133.

The Texas Court of Criminal Appeals, however, in its unpublished opinion on state's petition for discretionary review, said as follows:

> We note parenthetically, that the court below, in what appears to have been an afterthought, conducted a cursory examination of the merits of appellant's claim in his motion to suppress evidence. On remand, we are certain that appellant's claim will be given full and thoughtful review.

*Zappas v. State,* No. 207–83, slip op. at 1, n. 1 (Tex.Crim.App. May 29, 1985).

 Contrary to that statement by the court of criminal appeals, this court's examination of appellant's claim was not cursory and was certainly not an afterthought. We wrote on the matter in our original opinion after giving it full and thoughtful review. We did this in the interest of judicial economy and in an attempt to enable the court of criminal appeals to review our entire decision on one petition for review. However, now that the case is remanded to this court, we again hold that the trial court properly overruled appellant's motion to suppress for the same reasons and on the same grounds as set forth in our original opinion. We affirm the judgment of the trial court.