704 S.W.2d 546 (1986)
Robert Leslie HARPER, Appellant,
v.
The STATE of Texas, Appellee.
No. A14-85-442CR.
Court of Appeals of Texas, Houston (14th Dist.).
January 30, 1986.
Rehearing Denied February 13, 1986.
Kristine C. Woldy, Houston, for appellant.
John Holmes Jr., Dist. Atty., William J. Delmore and Frances Madden, Asst. Dist. Attys., Houston, for appellee.
Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION
J. CURTISS BROWN, Chief Justice.
The appellant was charged with the offense of possession of methamphetamine. After his motion to suppress evidence was overruled the appellant waived trial by jury and entered a plea of guilty. The court assessed punishment at confinement in the *547 Texas Department of Corrections for three years.
Appellant's sole ground of error contends that the trial court erred in overruling appellant's motion to suppress evidence. We affirm.
On June 27, 1984, Rusty Scott, a Houston Police Department narcotics officer, received a telephone call from an anonymous informant. He was advised that the appellant would be transporting a large quantity of methamphetamine in a black brief case from a particular apartment. The informant provided a detailed physical description of appellant and also described him as a "three-time ex-con" and a "very dangerous" person who always carried a pistol. Officer Scott did not know who the informant was nor had he received any information in the past from this informant. Officer Scott verified that appellant had several prior arrests and at a roll-call meeting he learned that appellant was a well-known methamphetamine dealer.
Surveillance of the apartment was initiated. On June 28, 1984, appellant was seen loading several items, including the black briefcase, into the car of a woman who exited the apartment under surveillance. Officer Scott saw the appellant take a pistol from the waistband of his pants and place it in the car. The appellant walked back toward his apartment as the woman drove off in the car. The woman was later stopped by police officers and the black briefcase was seized; it contained methamphetamine as well as pistols. Appellant was arrested a short time later at a convenience store.
In his sole ground of error, the appellant argues that the trial court erred in overruling his motion to suppress the evidence seized from the black briefcase. Appellant contends that there were no exigent circumstances to justify the warrantless search of the black briefcase and that the police should have obtained a search warrant.
The State argues, as a threshold matter, that the appellant has no standing to complain of the search and seizure in issue because he has failed to demonstrate that he had a reasonable expectation of privacy in the area searched. The State has raised the issue of standing for the first time on appeal.
Where the evidence clearly shows a lack of standing on the part of the defendant he is thereby put on notice that standing is an issue in the case just as surely as if the State had verbalized the issue. Sullivan v. State, 564 S.W.2d 698 (Tex.Crim.App.1978) (En Banc). In Sullivan, there was sufficient evidence adduced at trial to affirmatively show that the defendant could have entertained no reasonable expectation of privacy in the vehicle searched because he denied any contact or connection with the car and was not observed in the car. Sullivan, 564 S.W.2d at 702-704.
In a case where the evidence does not affirmatively show lack of standing a defendant is not similarly put on notice to produce evidence of standing. Wilson v. State, 692 S.W.2d 661, 663 (Tex.Crim.App.1984). The evidence in the instant case shows that appellant helped load the car with one piece of luggage and the aforementioned black briefcase. Additionally, during trial, appellant filed a motion to suppress illegally seized evidence. Appellant did not testify at the motion to suppress.
The record is devoid of evidence that affirmatively shows that appellant had no standing to challenge the search, i.e., that he had no reasonable expectation of privacy in the vehicle or its contents. Plus, when appellant filed his motion to suppress, the State should have been on notice of some reasonable expectation of privacy of appellant in the briefcase. The State has failed to timely raise the issue of standing and we find it inappropriate to allow the State to raise this issue for the first time on appeal.
As to the search of the black briefcase, we feel that under the facts of this case, the police were justified in their warrantless search.
*548 Using the "totality of the circumstances" analysis, we find that probable cause existed for a warrantless search and seizure. All of the details of the information given to the officer by the informant were corroborated by the police surveillance which verified every facet of the informant's information. Thus, the police had probable cause to believe that the briefcase contained a controlled substance and that the driver of the car may have access to a weapon somewhere in the car. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Whaley v. State, 686 S.W.2d 950 (Tex.Crim.App.1985) (On Rehearing).
It is well settled that police officers have the right to search an entire vehicle when they have probable cause to believe there is contraband in the vehicle but do not know where it is located. This knowledge of the contraband constitutes an "exigent circumstance" under the so-called "automobile exception" to the warrant requirement. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Montez v. State, 608 S.W.2d 211 (Tex.Crim.App.1980) (On Rehearing) (En Banc). Armed with the knowledge that the briefcase contained methamphetamine and the probability of a weapon somewhere in the vehicle the police were justified in their search of the briefcase. While none of the officers articulated that the reason they opened the case was because they were looking for a weapon, the mere fact that they did not give the right reason is not controlling. If their decision was correct on any theory of law applicable to the case, it is sufficient as a matter of law. The decision of the officer is supported by the theory of law that they had probable cause to open the briefcase without a warrant because they had knowledge that there was a weapon located somewhere in the car. See Esco v. State, 668 S.W.2d 358 (Tex.Crim.App.1982) (On Rehearing).
Appellant's sole ground of error is overruled and accordingly, the judgment of the trial court is affirmed.
SEARS, J., concurs in the results only.