John Ellis SUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–342–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 29, 1986.

W.B. "Bennie" House, Jr., Jay W. Burnett, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Terry G. Wilson, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This case involves the ever-expanding area of appellate review with regard to pleas under Tex.Code Crim.Proc. art. 44.02, where a pre-trial motion has been overruled by the trial court. The scenerio is a familiar one: Appellant sought by pre-trial motion to suppress evidence obtained as a result of a warrantless arrest. After hearing, his motion overruled, and pursuant to a plea bargain agreement, he pled no contest to possession with intent to deliver a controlled substance. The trial court specifically acknowledged his reservation of the right to appeal the adverse finding on

his motion to suppress. Sentence was assessed at fifteen years confinement in the Texas Department of Corrections. Appeal was taken and in *Brewster v. State,* 606 S.W.2d 325 (Tex.Crim.App.1980) this appellant's conviction and those of his co-defendants were affirmed. However, the Court of Criminal Appeals did not reach appellant's contention regarding his motion to suppress because it found the record contained sufficient independent evidence to support the conviction. Subsequent to *Brewster* the Court of Criminal Appeals modified its previous approach regarding independent evidence and held that where a defendant is told by the trial court he may appeal an adverse ruling on a motion to suppress and the defendant enters a no-contest or guilty plea subject thereto, the right to appeal the suppression issue must be meaningful. Therefore, the fact that there may be sufficient evidence independent from that requested to be suppressed, is no longer an obstacle to a review of the merits of the suppression ruling. *Morgan v. State,* 688 S.W.2d 504, 507 (Tex.Crim.App.1985); *Zappas v. State,* 696 S.W.2d 178 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

After the *Morgan* decision, appellant filed an application for writ of habeas corpus asserting that his plea was not knowingly and voluntarily entered. The Court of Criminal Appeals denied habeas corpus relief, but noted that appellant was entitled to an out-of-time appeal of the ruling on his motion to suppress under the *Morgan* rationale. *Ex parte Sutton,* No. 69,283 (Tex.Crim.App. April 10, 1985) (not published). Accordingly, we now consider whether the trial court erred in overruling appellant's motion to suppress. Finding no error, we affirm.

A summary of the facts surrounding appellant's arrest is a necessary predicate to a review of his complaint. Houston Police Officer Dugger had information implicating a Pasadena doctor in the writing of prescriptions for narcotic drugs without medicinal purpose for monetary gain. Dr. Edwards allegedly had a deal with Fisher's Pharmacy, also in Pasadena, which would fill the prescriptions and collect the money.

On August 1, 1978, Dugger entered Fisher's Pharmacy with his ailing eleven-year-old son to fill two prescriptions and to generally observe the pharmacy. While waiting for his son's prescriptions to be filled, Dugger observed appellant and his co-defendants periodically leave a Cadillac parked in front of the pharmacy and enter the drug store and obtain prescriptions. Large amounts of cash were exchanged for the drugs. Dugger recognized appellant from seeing him at the police station on unspecified previous occasions. Although Dugger was unable to recall appellant's name, he knew that the name called out by the pharmacist and answered to by appellant was not in fact appellant's name. Officer Dugger left his son to wait for his prescription while he crossed the street to a pay phone, where he called a Pasadena police officer and requested that he join him at the scene. While waiting for the Pasadena officer, Dugger ran a registration check on the Cadillac and ascertained that it was registered to the wife of Dr. Edwards, the same doctor who had been implicated by numerous informants. The suspects subsequently left the scene in the Cadillac. After arrival, the Pasadena officer ordered a patrol unit to stop the Cadillac on the basis of the information furnished by Dugger. Four hundred and eighty pills of hydromorphone were seized from the car.

In his first ground of error, appellant contends the trial court erred in denying his motion to suppress illegally-seized evidence. Appellant asserts that the initial warrantless stop of the Cadillac was not justified by probable cause in violation of his Fourth Amendment rights.

The State argues, as a threshold matter, that appellant has no standing to complain of the search and seizure because appellant failed to put on any evidence that he had a protected privacy interest in the vehicle. We agree.

As noted in *Wilson v. State,* 692 S.W.2d 661, 669 (Tex.Crim.App.1985) (on

motion for rehearing) defendants are on notice that a privacy interest in the searched premises is an element of a Fourth Amendment claim *which they have the burden of establishing.* *Wilson* also holds that the State may raise the issue of standing for the first time on appeal.[1] Furthermore, the reviewing court may properly sustain the trial court's ruling on the motion to suppress on the ground that the evidence failed to establish standing as a matter of law, *even* though the record reflects that the issue was never considered by the parties or the trial court. *Id.* at 671. Alternatively, it is proper for the reviewing court to remand the case for further factual development of the standing issue. *Combs v. United States,* 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972).

▮ Officer Dugger testified that the Cadillac was registered to Dr. Edwards' wife. Appellant did not put on any evidence indicating he had the owner's consent to be in the car, or, for that matter, any evidence demonstrating a reasonable expectation of privacy in the searched premises. *See generally Esco v. State,* 668 S.W.2d 358, 361 (Tex.Crim.App.1982); *Chapa v. State,* 694 S.W.2d 202, 203 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Therefore, we find as a matter of law that appellant failed to establish standing to assert a Fourth Amendment claim.

▮ Finally, we note that, even presuming appellant has established standing to raise a Fourth Amendment claim, the record sufficiently supports a finding that the stop and search was predicated on probable cause in light of the total circumstances surrounding the warrantless search. *See Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App.1985) (on motion for rehearing). Appellant's first ground of error is accordingly overruled.

▮ Appellant next asserts that there is insufficient evidence to link him to the con-

traband. By virtue of Tex.Crim.Proc.Code Ann. art. 44.02, appellant may only appeal those matters raised in his pre-trial written motion or those matters for which the trial court's permission to appeal was obtained. Therefore, we are jurisdictionally precluded from entertaining appellant's insufficiency claim. *Morris v. State,* No. 0197–84 (Tex. Crim.App., April 30, 1986) (not yet reported); *Gonzales v. State,* 666 S.W.2d 496 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). Had appellant obtained the trial court's permission and thereby satisfied the jurisdictional prerequisites of article 44.02 in regard to his sufficiency of evidence claim, we note that we could then consider his stipulation of evidence in reviewing the same. *Rodriquez v. State,* 689 S.W.2d 227 (Tex.Crim.App.1985).

The judgment of the trial court is affirmed.

---

1. The State has pointed out in its brief that another panel of this court has recently held that the State may *not* raise the issue of standing for the first time on appeal. *Harper v. State,* 704 S.W.2d 546 (Tex.App.—Houston [14th Dist.] 1986) (pet. pending). As *Wilson v. State,* is a decision by the Court of Criminal Appeals, we are bound to its ruling. We therefore respectfully decline to follow the holding in *Harper.*