Angel Maria HERNANDEZ, Pedro Cabrera Alvarez & Roberto Zamora Guitierrez, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 885–86—887–86.

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1988.

Rehearing Denied Dec. 7, 1988.

Windi Atkins, Houston, for Hernandez and Guitierrez.

James M. Brooks, Houston, for Alvarez.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III and Brad Beers, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION DISSENTING TO REFUSAL OF APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The offense is possession of marihuana "in a usable quantity of more than two thousand pounds," allegedly committed on or about February 22, 1982. Article 4476–15, § 4.051(a) and (d)(3), as amended by Acts 1981, 67th Leg., Ch. 268, p. 702, § 8, effective September 1, 1981.

Appellants are three of some twenty persons arrested in early morning hours before, during and after a massive raid by peace officers executing a search warrant in or about a "privacy-slatted" fence enclosing premises of a marina compound consisting of a residential unit, a commercial building (formerly a restaurant) and docking facilities; approximately 31,000 pounds of marihuana were seized from rented trucks, docking area and a grounded "shrimp" boat from which marihuana was being offloaded. When arrested, Hernandez was a passenger in one loaded rental truck stopped just after leaving confines of the compound; Guitierrez was in the dock area and ran into nearby waters; Alvarez was on the shrimp boat that had run aground.

Early on, counsel for appellants in this cause filed motions to suppress evidence; alluding to the search warrant and contending its supporting affidavit was defective in certain aspects, the motion *also* asserted, *inter alia*, in that the warrant did not authorize search or seizure of any vessels off shore or of vehicles not located on the premises of the compound, such search and seizure of property from those places "ex-

ceeded the permissible scope of the warrant."

At a pretrial hearing jointly held on motions to suppress evidence in behalf of ten accused, all were overruled, as were oral motions to suppress evidence obtained from warrantless searches and from the shrimp boat. (R. vol. III, at 82–83). Later several defendants were tried jointly before the court on pleas of not guilty, the evidence being an extensive stipulation of facts.

The cases of these three appellants were consolidated on appeal by the Houston (14th) Court of Appeals. (See *Hernandez v. State*, No. B14–85–038–CR; *Alvarez v. State*, No. C14–85–039–CR; *Guitierrez v. State*, No. C14–85–156–CR, delivered June 19, 1986). They have been similarly treated in this Court.

The sole issue of law in this cause is presented by a single ground for review, *viz:*

"Should the State, in a search warrant case, be entitled to raise standing for the *first time* on appeal[?]. The Appellant says no." [1]

In its unpublished opinion the court below read the two points of error in appellants' briefs to contend that the affidavit underlying the search warrant was faulty and, therefore, searches and arrests were illegal. Relying on *Wilson v. State*, 692 S.W.2d 661 (Tex.Cr.App.1984) (opinion on motion for rehearing, at 669), and *Sutton v. State*, 711 S.W.2d 136 (Tex.App.—Houston [14th] 1986), no PDR, the Houston (14th) Court overruled both points because:

"... The record here contains *no* evidence of the appellants' relationship to the subject premises. Appellants have thus failed to sustain their burden of proof of standing to object to the search of the premises."

*Hernandez* et al., supra (emphasis in original).[2]

---

**1.** All emphasis is mine throughout unless otherwise noted.

**2.** It should be noticed that in *Sutton v. State*, supra, at 138, n. 1, a panel of the Houston (14th) Court expressly declined to follow a diametrical-

ly opposed decision by another panel of the court in *Harper v. State*, 704 S.W.2d 546 (Tex. App.—Houston [14th] 1986), PDR refused, that the State "may *not* raise the issue of standing

The issue thus squarely presented in this cause has not been as clearly resolved by this Court. In *Maldonado v. State*, 528 S.W.2d 234 (Tex.Cr.App.1975), deriving the requirement from a discussion in *Clemons v. State*, 501 S.W.2d 92, at 93 (Tex.Cr.App. 1973) (in which the Court in turn interpreted extant leading decisions from the Supreme Court of the United States on the law of standing), the Court held:

"... Appellant's standing was *never contested* in the proceedings below. The State raises the issue for *the first time in its brief upon appeal.* The State should not be heard to complain of an incomplete record when its failure to dispute appellant's standing is responsible for the deficiency."

*Id.,* at 238.[3] Two years later, on original submission a unanimous Court of five members expressly followed its *Maldonado* holding in *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr.App.1977), only for a majority of a reconstituted Court of nine members to overrule it on rehearing in 1978, *viz:*

"... *Maldonado* is the only case we have found so holding. It is clearly wrong. To hold that a search and seizure is illegal even though the record before this court and the evidence before the trial judge shows the defendant had no standing to challenge the search simply because the prosecutor did not verbalize the issue would reach an *absurd result.*

\*  \*  \*  \*  \*  \*

The State does not have the burden of listing or verbalizing in the trial court every possible basis for holding a search legal or else waive that basis for urging on appeal the validity of the search. Insofar as *Maldonado* is in conflict with the holding today, it is overruled."

for the first time on appeal" (emphasis in original).

**3.** The *Maldonado* opinion is by Judge Odom; Judge Morrison concurred and Judge Douglas dissented on unrelated theories. See *Id.,* at 241 and 242 ff.

**4.** The dissent failed to point out that the Supreme Court held and had expressed views contrary to those advanced by the majority in *Sullivan.* See *post,* at 581, 582 n. 7.

*Id.,* at 704. Judge Odom, dissented for himself and two other judges, to the effect that by excusing the prosecution from raising an issue of standing in the trial court, the majority denies an accused an opportunity to present evidence on the issue, and thereby "deprive[s] him of due process of law." *Id.,* at 706.[4]

There such dichotomous views more or less rested until our gyrations in *Wilson v. State*, 692 S.W.2d 661 (Tex.Cr.App.1984–1985). Again, on original submission, for an almost unanimous Court—only Presiding Judge Onion, writer of *Sullivan*, dissented—Judge Miller made valiant effort, and it seems to have been understood and so accepted, to reconcile the continuing dichotomy and bring us to a sensible resolution, *viz:*

"Having thus examined *Sullivan* in light of the afore-discussed federal cases, we find that *Maldonado* should only be overruled to the extent that it is in conflict with *Steagald [v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) ]. We therefore hold that Sullivan is to be applied narrowly and that its application is limited to only those situations where the 'absurd' result feared in *Sullivan* would occur."

*Id.,* at 663–664.[5]

On State's motion for rehearing, four members of the Court joined Judge Tom G. Davis in melding some of *Combs v. United States*, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972), with much of *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), both decided well before *Steagald*, to stand *Steagald* on its head.

After certiorari had been granted in *Steagald* the Government contended that

**5.** The resolution on original submission, which would have reversed the judgment of the Fort Worth Court of Appeals, caught eyes of judges of the Houston (14th) Court of Appeals in, e.g., *Johnson v. State*, 684 S.W.2d 129, at 132 (Tex. App.—Houston [14th] 1984), no PDR, and *Harper v. State*, 704 S.W.2d 546, at 547 (Tex.App.—Houston (14th) 1986), PDR refused.

"the record does not clearly show that petitioner had a reasonable expectation of privacy in the house," and on that account urged the Supreme Court to remand the case to the District Court "for re-examination of this factual question." *Steagald,* supra, 451 U.S., at 209, 101 S.Ct., at 1646. The Supreme Court declined to follow that suggestion, pointing out how the Government "may lose its right to raise factual issues of this sort," *viz:*

1  "when it has made contrary assertions in the courts below;

2  when it has acquiesced in contrary findings by those courts; *or*

3  when it has failed to raise such questions in timely fashion during the litigation."

*Ibid.* The Supreme Court found that "this is such a case." Not only had the Government failed to raise such questions, but also "through its assertions, concessions and acquiescence has lost its right to challenge petitioner's assertion that he possessed a legitimate expectation of privacy in the searched home." Accordingly, it turned to address the merits. *Id.,* at 211, 101 S.Ct., at 1647.[6]

Of *Combs,* the *Wilson* majority found it significant that the Supreme Court ordered the case be remanded to the District Court, "*[i]nstead of ruling that the government could not raise standing for the first time on appeal.*" *Id.,* at 669. However, that notion assumes either that that question was before the Supreme Court—it was not —or that the Supreme Court will decide a substantive issue on which it did not grant certiorari—it will not.

The Government did indeed contend on appeal by defendant that validity of the search warrant need not be decided because defendant lacked standing to challenge legality of the search; while no evidence relating to "standing" was introduced at hearing on motion to suppress, because "evidence at trial showed [he] asserted no possessory or proprietary claim

to the searched premises," the Court of Appeals agreed and without reaching the merits affirmed the judgment of conviction. *Combs v. State,* 446 F.2d 515 (6th Cir.1971).

The Supreme Court granted certiorari in *Combs* only on claims that evidence was obtained through "an unlawful search that petitioner has standing to challenge." *Id.,* 451 U.S., at 224, 101 S.Ct., at 2285. The Government conceded that its search warrant was invalid, but suggested that further factual determinations must be made to resolve the question of "standing." 451 U.S., at 224–225, 101 S.Ct., at 2285. Noting that no evidence relating to "standing" was introduced at the pretrial hearing and believing that petitioner's failure to make any such assertion as required by the Court of Appeals was explained "*by the related failure of the Government to make any challenge in the District Court to petitioner's standing,*" the Supreme Court ordered the case remanded to the District Court to provide defendant an opportunity to establish facts showing a requisite interest and, if he did, to reexamine validity of the warrant. *Id.,* at 226 n. 3, 227–228, 101 S.Ct., at 2285 n. 3, 2286.

In the instant cause, because it thought the record contains no evidence of appellants' relationship to the searched premises, the Dallas Court of Appeals found they had "thus failed to sustain their burden of proof of standing to object of the search of the premises." Except that the State has not conceded invalidity of its warrant and suggested a remand, the instant cause is in much the same posture as *Combs.*

Yet, though the State did not raise any question of "standing" at hearing on motion to suppress, the Dallas Court apparently took a certain sentence in the *Wilson* majority opinion to mean such an omission is of no consequence, towit: "The language of *Rakas suggests* that the [Supreme] Court would no longer view the absence of a challenge to defendant's standing as a

**6.** Surely the Government relied on *Combs v. United States,* supra, but nowhere in its opinion does the Supreme Court even cite *Combs,* and, of course, it did not vacate the judgment of the Court of Appeals and remand with directions to send the case back to the District Court for a factual determination of "standing," as was done in *Combs.* Rather, it declared the right of the Government to raise the issue forfeited.

'failure' of the government's." *Wilson*, at 669. The "suggestion" is untenable; that a challenge to "standing" remains consequential is clearly shown in the *Rakas* opinion.[7]

The *Wilson* majority on rehearing would have it that *Rakas* "put defendants on notice that the privacy interest in premises searched is an element of their Fourth Amendment claim, which they bear the burden of establishing." 692 S.W.2d at 669. But one who reads *Rakas* carefully will find that at the hearing on motion to suppress they conceded they did not own the automobile in which they were passengers, nor did they assert that they owned the rifle or shells seized from it; that the prosecution challenged their standing "to object to the lawfulness of the search of the car because neither the car, the shells nor the rifle belonged to them;" that the trial court agreed, and on that basis alone denied the motion. *Id.*, 439 U.S., at 130–131, 99 S.Ct., at 424.

Faced with that challenge, as the Supreme Court pointed out, Rakas et al. "did not contest the factual predicates of the prosecutor's argument and instead, simply stated that they were not required to prove ownership to object to the search." Then the Supreme Court explained just what happened in *Rakas* that "put defendants on notice," *viz:*

> "... The prosecutor's arguments gave defendants notice that they were to be put to their proof on any issue as to which they had the burden [.]"

*Id.*, note 1, at 131, 99 S.Ct. at 424. And that "notice" given at pretrial hearing is what makes *Rakas* "quite different" from the instant cause, and to suggest that on this matter, as well as others discussed *ante*, *Wilson* was wrongly decided. Indeed, it may be rightly said that *Rakas* approves what *Maldonado* perceived the

prosecution must do at a suppression hearing.

In the instant cause, the State failed to give appellants any such notice at pretrial hearing on motion to suppress. It waited until its appellate brief to make any attack on "standing."

Given the importance of the issue that this Court really has not settled, we should grant the petition for discretionary review to consider the ground for review in those lights. Because the Court does not take this opportunity, I respectfully dissent.

TEAGUE, J., joins in this opinion.

---

7. Rakas et al. claimed they were never asked about ownership of a rifle and shells seized during a search they were contesting by motion to suppress and, citing *Combs*, argued that if the Supreme Court determined that a property interest is an adequate ground for standing, it should remand the case for further proceedings.

Finding *Combs* was "quite different" in that *the Government had not challenged his standing at the suppression hearing*, the Supreme Court rejected their suggestion. *Id.*, 439 U.S., note 1, at 131, 99 S.Ct., at 424; see also text following, *post*, at 582.