Jerome Louis Degree Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-016-CR
No. 10-01-017-CR

     JEROME LOUIS DEGREE, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 344th District Court
Chambers County, Texas
Trial Court Nos. 10885 and 10886
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Degree was charged with unlawful possession of marihuana in an amount of two thousand
pounds or less but more than fifty pounds while exhibiting a deadly weapon, a firearm; and with
unlawful possession with intent to deliver a controlled substance, cocaine, in an amount of four
hundred grams or more while exhibiting a deadly weapon, a firearm. After conducting a hearing
on Degree’s motion to suppress evidence, the motion was denied by the trial court. Degree then
entered a plea of guilty to the charges without an agreement regarding punishment. Degree was
sentenced to eighteen years in prison for the marihuana charge and twenty-five years in prison for
the cocaine charge. The trial court ordered the sentences to run concurrently.
      Degree presents three issues on appeal: (1) the trial court erred in not granting Degree’s
motion to suppress evidence obtained as a result of an illegal stop of Degree, (2) the trial court
erred in not granting Degree’s motion to suppress evidence obtained as a result of Degree being
illegally detained, and (3) the trial court erred in not granting Degree’s motion to suppress
evidence obtained as a result of a search conducted without consent.
      We affirm the judgment of the trial court.
STANDARD OF REVIEW
      A trial court's denial of a motion to suppress is reviewed for abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The trial court's findings of fact are given
"almost total deference," and in the absence of explicit findings, the appellate court assumes the
trial court made implicit findings which were supported in the record. Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89-90 (Tex.
Crim. App. 1997). The application of relevant law, including search and seizure law, is reviewed
de novo. Id.; Hailey v. State, 50 S.W.3d 636, 639 (Tex. App.—Waco 2001, no pet.).BURDEN OF PROOF
      When a defendant seeks to suppress evidence on the basis of an illegal search or seizure, the
burden of proof is placed initially upon the defendant. Russell v. State, 717 S.W.2d 7, 9 (Tex.
Crim. App. 1986); Mattei v. State, 455 S.W.2d 761, 765-66 (Tex. Crim. App. 1970). As the
movant in a motion to suppress evidence, a defendant must produce evidence that defeats the
presumption of proper police conduct and, therefore, shifts the burden of proof to the State. 
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Russell v. State, 717 S.W.2d 7,
9 (Tex. Crim. App. 1986). A defendant meets his initial burden of proof by establishing that a
search or seizure occurred without a warrant. Russell, 717 S.W.2d at 9. Once a defendant has
established that a search or seizure occurred and that no warrant was obtained, the burden of proof
shifts to the State. Id. If the State is unable to produce evidence of a warrant, then it must prove
the reasonableness of the search or seizure. Id. at 10. Carroll v. State, No. 10-00-161-CR, slip
op. at 6-7 (Tex. App.—Waco August 15, 2001, no pet.).
REASONABLE SEIZURES
      The Fourth Amendment does not forbid all seizures, just unreasonable seizures. See Rhodes
v. State, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997). A police officer is generally justified in
briefly detaining an individual on less than probable cause for the purposes of investigating
possible criminal behavior where the officer can point to specific and articulable facts, which,
taken together with rational inferences from those facts, reasonably warrant the intrusion. Terry
v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Carmouche v. State, 10 S.W.3d
323, 328 (Tex. Crim. App. 2000). That is, the officer must have reasonable suspicion that the
individual is connected to criminal activity. State v. Larue, 28 S.W.3d 549, 553 n. 8 (Tex. Crim.
App. 2000). The same standards apply whether the person detained is a pedestrian or is the
occupant of an automobile. Carmouche, 10 S.W.3d at 328. Reasonable suspicion is not only
based on the officer’s personal observations but can also be supplied by other persons. Adams v.
Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
      The reasonableness of a stop must be examined in terms of the totality of the circumstances. 
Woods v. State, 956 S.W.2d 33, 37 (Tex. Crim. App. 1997); Garcia v. State, 967 S.W.2d 902,
904 (Tex. App.—Austin 1998, no pet.). “[W]hen used by trained law enforcement officers,
objective facts, meaningless to the untrained, can be combined with permissible deductions from
such facts to form a legitimate basis for suspicion of a particular person. . .” Woods v. State, 956
S.W.2d 33, 37-8 (Tex. Crim. App. 1997) (quoting U.S. v. Cortez, 449 U.S. 411, 418, 101 S.Ct.
690, 695, L.Ed.2d 621 (1981)). An officer is entitled to rely on all information obtained during
contact with citizens in developing articulable facts which justify a continued investigatory
detention. See Bustamonte v. State, 917 S.W.2d 144, 147 (Tex. App.—Waco 1996, no pet.)
(citing Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979)).
LEGAL STOP
      Degree argues in his first issue that he was illegally stopped. During the hearing on the
motion to suppress evidence, the trial court heard testimony from Trooper Prestridge concerning
a traffic violation. Prestridge testified he observed the red Chevy Lumina in which Degree was
a passenger “cross over the left striped white lane marker.” At the time the vehicle crossed over
the lane marker, traffic conditions were “medium or moderate” and a vehicle behind the Lumina
had to “stop to slow down” in response to the sudden movement of the Lumina. The Texas
Transportation Code allows a vehicle operator to move from a marked lane on a roadway divided
into two or more clearly marked lanes only if the movement can be made safely. Tex. Transp.
Code § 545.060 (a)(1), (2) (Vernon 1999).
      What appears to be a violation of a statute in the Texas Transportation Code gives rise to
reasonable suspicion in support of a valid traffic stop. Prestridge’s observation of the Lumina
cross over the white lane marker and the necessary evasive action taken by the car driving behind
the Lumina, established reasonable suspicion that an infraction of section 545.060 of the Texas
Transportation Code had occurred. Thus, the stop of the vehicle in which Degree was a passenger
was legal and the trial court did not abuse its discretion by denying Degree’s motion to suppress
evidence. We overrule Degree’s first issue.
LEGAL DETENTION
      Degree argues in his second issue that he was illegally detained. A review of the record
indicates Prestridge obtained information, including the smell of raw marijuana, during the course
of the legal stop of Degree, which gave rise to Prestridge’s reasonable suspicion that criminal
activity was afoot. Prestridge was justified in his investigative detention of Degree because there
were ample articulable facts which supported Prestridge’s reasonable suspicion of criminal activity
and warranted the detention. Because the detention was legal, the trial court did not abuse its
discretion by denying Degree’s motion to suppress evidence. We overrule Degree’s second issue.
CONSENT TO SEARCH – STANDINGIn his third issue, Degree argues the search of the car in which he was a passenger was
without his consent. Standing to object to illegal conduct of the police must be established before
a Fourth Amendment claim can be raised. See Metoyer v. State S.W.2d 673, 677 (Tex.
App.—Fort Worth 1993, pet. ref’d). Fourth Amendment rights are personal rights which may not
be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 133-34, 99 S.Ct. 421, 425, 58 L.Ed.2d
387 (1978). Standing to object to a search rises from an individual’s legitimate expectation of
privacy in the area searched. See State v. Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996)
(citing Rakas v. Illinois, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978)). “A
person who is aggrieved by an illegal search and seizure only through the introduction of
damaging evidence secured by a search of a third person’s premises or property has not had any
of his Fourth Amendment rights infringed and does not have standing to challenge the search.” 
Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000) (quoting Rakas v. Illinois, 439 U.S.
128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978)).
      The defendant has the burden to establish standing to object to a search. State v. Kilma, 934
S.W.2d 109, 110 (Tex. Crim. App. 1996) (citing Rakas, 439 U.S. at 134, 99 S.Ct. at 425). A
passenger in a vehicle must have a possessory interest in the vehicle in order to have a legitimate
expectation of privacy in that vehicle. Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App.
1985); Trinh v. State, 974 S.W.2d 872, 874 (Tex. App.—Houston [14th Dist.] 1998, no pet.). 
Thus, a passenger without a possessory interest in a vehicle lacks standing to complain about its
search because the passenger’s expectation of privacy is not infringed. Rovnak v. State 990
S.W.2d 863, 870 (Tex. App.—Texarkana 1999, no pet.) (citing United States v. Riazco, 91 F.3d
752, 754 (5th Cir. 1996)). Without evidence a defendant either owned the vehicle or had consent
of an owner of the vehicle to be in it, the defendant would not have standing to challenge the
search of that vehicle. Sutton v. State, 711 S.W.2d 136, (Tex. App.—Houston [14th Dist.] 1986,
no pet.).
      If a defendant’s standing to challenge a search was not considered by the parties or the trial
court, the reviewing court may properly sustain the trial court’s ruling on the motion to suppress
on the ground that the evidence failed to establish standing as a matter of law. Sutton v. State, 711
S.W.2d 136 (Tex. App.—Houston [14th Dist.] 1986, no pet.) (citing Wilson v. State, 692 S.W.2d
661,669 (Tex. Crim. App. 1985)).
APPLICATION
      During the hearing on Degree’s motion to suppress evidence, on direct examination he
testified in pertinent part as follows: 
      Q:  Mr. Degree, let me take you back to the night of June 8th, 1999. You have seen the video
that was played previously; have you not?
 
      A:  Yes, sir.
      Q:  In the courtroom?
      A:  Here in the courtroom, yes, sir.
      Q:  Whose red Chevrolet Lumina is that? Who did that belong to?
      A:  At this particular time I was selling cars. I was selling the car.
Mr. Green:
      Objection. Nonresponsive nature of the answer.
The Court:
      Sustained.
By Mr. Lieck:
      Q:  Let me rephrase the question. At that time, did that car belong to your mother?
      A:  Yeah.
Mr. Green:
      Objection. Leading the witness.
The Court:
      Sustained.
By Mr. Lieck:
      Q:  Who was the titled owner of that vehicle?
      A:  My mother.
      Q:  Was her name actually on the title or was it in the process of being sold to her?
      A:  It was in the process of being sold.
      Q:  So do you know if the title was held - - the title was not under her name at this point in
time; right?
      A:  No.
       Based on Degree’s testimony we are unable to ascertain who held title to the vehicle at the
time of the search, or even if Degree had the owner’s consent to be in the vehicle. Degree
presented no evidence that he had a protected privacy interest in the vehicle. Because Degree did
not meet his burden of showing a possessory interest in the vehicle he failed to establish standing
to challenge the search. We find as a matter of law Degree failed to establish standing to
challenge the search of the vehicle.
CONCLUSION
      We find the initial traffic stop of Degree was valid; the continued investigatory detention of
Degree was valid; and as a matter of law, Degree did not have standing to challenge the search
of the vehicle. Having overruled all issues raised by Degree on appeal, we affirm the judgment.

                                                                       TOM GRAY
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed July 3, 2002
Do not publish
[CRPM]